# DAVIS v. SOUTH CAROLINA & GEORGIA RAILROAD COMPANY.

1. Where an order by consent of counsel for both parties was granted by the court, at the appearance term of a suit for unliquidated damages, providing that "the demurrer" to plaintiff's petition be heard at the trial term, and by inadvertence or mistake the defendant's counsel omitted to file the demurrer, but no entry of default had been made upon the docket, it was not error for the court to permit a demurrer to be filed, on payment of costs by defendant, and to proceed to hear argument on the same at the trial term of the case.

2. When a ticket has been delivered by a railroad company for passage over its lines to a newspaper, with power in the latter to sell and transfer the same, but its validity has on its face been expressly limited to the first purchaser, the effect of the transaction is to constitute the newspaper the special agent of the company to dispose of the ticket on the terms named. No authority being given such agent to vary the terms of the sale, it follows that after a sale by the agent to a purchaser and an insertion of the purchaser's name in the ticket, it becomes valueless in the hands of any other person. The above facts appearing in a petition by one who claimed to have bought the ticket from the first purchaser of the agent and who was suing the company for damages on account of being ejected from defendant's car by a conductor who refused to honor such ticket, the court did not err in sustaining a demurrer to the petition on the ground that it set forth no cause of action against the defendant.

Submitted March 28, — Decided April 25, 1899.

Action for damages. Before Judge Gamble. Washington superior court. March term, 1898.

*Rawlings & Hardwick*, for plaintiff.
*Joseph B. Cumming* and *Evans & Evans*, for defendant.

Lewis, J. Davis brought his suit against the South Carolina & Georgia Railroad Company to the October term, 1898, of Washington superior court. He alleged that on March 1, 1897, he purchased from J. T. Bothwell Jr., of Augusta, Ga., a certain one-thousand-mile ticket over the defendant's road; that the ticket and a great many more of the same kind were sold by the defendant to the "Chicago Mail," to pay for advertising done in that newspaper by the company, and although the ticket provided on its face that it was good only in the hands of the person to whom it was issued, and should be taken up and forfeited if presented by any other person, yet it was sold in blank, and the company did not require at the time of the sale that the name of the purchaser should be entered thereon; and it expressly waived, by its conduct in the sale of the tickets, the "original purchaser" clause thereof; that the tickets thus sold to the Chicago Mail in blank were sent by the newspaper to a ticket-broker in Augusta, and were by him sold to J. T. Bothwell Jr., being still in blank when Bothwell bought, and that after purchasing such ticket, Bothwell "wrote his name upon . . the ticket, . . without, however, making any contract . . with said Chicago

Mail or their agent." Bothwell sold the ticket to petitioner. While attempting to ride on the same on defendant's line, the conductor rejected the ticket and ejected plaintiff from the train, for which he claimed damages. A copy of the ticket was attached to the petition, which recited upon its face that it was subject to the conditions named in the contract attached to it. In this contract it was stipulated that "it is good only for the person in whose name it is issued, and shall be taken up and forfeited if presented by any other person," and it was further stipulated that: "In consideration of the reduced rate at which this ticket has been sold, I hereby agree to use it subject to the conditions named therein, and will identify myself as the original purchaser, by signing my name or otherwise, in the presence of the conductor each time this ticket is presented for passage."

At the appearance term of the case, a consent order was taken, setting the demurrer for a hearing at the trial term. Counsel for both sides were under the impression that the demurrer had been filed, but by inadvertence or mistake of defendant's counsel, he omitted to file the same. No entry of default was made on the docket. At the trial term, upon this showing, the court ruled that the case was in default, but that he would allow the defendant to open the default upon payment of the costs. The judgment allowing the default opened is assigned as error. After argument then had upon the demurrer, the same was sustained and the case dismissed by order of the court, to which plaintiff likewise excepts.

1. Section 5069 of the Civil Code provides, that upon the call of the appearance-docket at each term, all cases in which the defendant has not filed a plea, answer or other defense, shall be marked "in default." The following section provides that within thirty days after the entry of default the defendant, upon the payment of all costs which have accrued, shall be allowed to open the default and file his defense by demurrer, plea or answer. We think in this case the judge erred in ruling that the case was in default at all. An adjudication of default is evidenced by an entry on the docket, and even if the defendant had ever become liable to such judgment against

him in this case, there was a failure to so enter it.　The statute gives him thirty days ·after the *entry of default* in which to plead and have the same opened upon the payment of costs. To allow the defendant· to file his demurrer before such entry has been made, and therefore before the case has actually been adjudged in default, was certainly no abuse of discretion on the part ·of the judge, and was not a violation either of the spirit or letter of the statute.

2. Plaintiff's action was based upon a contract by the very terms of which it appeared that he had no right to the privilege of becoming a passenger on defendant's train, and hence no right of action for the damages he complains of.　The effect of the transaction between the railroad and the newspaper was to constitute the latter the agent of the former to dispose of the tickets on the terms named.　One of those conditions was to expressly provide that the ticket was good only in the hands of the first purchaser.　The right to issue a ticket not transferable, in consideration of reduced rates given by the company, is not questioned.　The plaintiff bought the ticket seeing that it had already been issued and sold to another party, and therefore by its very terms it could not be good in his hands as a subsequent purchaser.　We think the action therefore is clearly demurrable, and is controlled by the principle of law ruled by this court in the case of *Comer* v. *Foley*, 98 Ga. 678.

*Judgment affirmed.　All the Justices concurring.*