## ROSS *v.* MERCER.

SIMMONS, C. J. 1. Where at the hearing in the superior court of a certiorari from a city court a demurrer was filed by the defendant in certiorari to certain paragraphs of the petition for certiorari, and the judge sustained the demurrer and struck such paragraphs, and thereafter, on the hearing upon the merits, sustained the certiorari upon one point, and the plaintiff in certiorari, being dissatisfied with the judgment overruling the certiorari save as to one point, filed a bill of exceptions complaining of the judgment on the merits, but not assigning error on the sustaining of the demurrer to the paragraphs of the petition which were stricken, no questions raised by such paragraphs are before this court for consideration.

2. Special demurrers to a declaration must be filed at the first term of the court to which the case is returnable, although a plea to the jurisdiction has been filed. Civil Code, § 5047. Where, therefore, a plea to the jurisdiction had been duly filed and not sustained, and a motion for a new trial thereon had been made and overruled and brought to this court by a bill of exceptions which was dismissed, it was not error to refuse to allow the defendant, several terms after the filing of the declaration, to file special demurrers to the declaration.

3. Where a petition for certiorari alleges that in the trial of the case many errors were committed, in the admission and rejection of evidence, in overruling a general demurrer, and in other rulings of the trial judge, and the certiorari is overruled as to these matters by the judge of the superior court, and the correctness of the rulings complained of depends upon the character of the suit in which they were made (that is, whether it was a proceeding by scire facias to revive a dormant judgment, an action in debt upon such a judgment, or a suit to recover money paid by a surety for the use of the principal, the record containing statements which might indicate that the suit was of the character of any one of these proceedings), and where the declaration is not sent up with the record and it appears, from an admission in the brief of counsel for the plaintiff in error, that while the declaration is specified in the bill of exceptions, no copy of it was ever sent up from the city court to the superior court, that this court can not procure it from the clerk of the superior court by an order issued under the Civil Code, § 5575, and where it is impossible without the declaration to determine whether the judge of the superior court committed error in his ruling upon the certiorari, an affirmance of the judgment must follow.

                 *Judgment affirmed. All the Justices concur.*

Argued October 12, — Decided November 14, 1903. Rehearing denied November 28, 1903.

Certiorari. Before Judge Felton. Bibb superior court. June 8, 1903.

*M. W. Harris, C. A. Glawson,* and *J. L. Anderson,* for plaintiff in error. *Hardeman, Davis, Turner & Jones,* contra.