## GORDON *v.* HUDSON.

Where a plea and a demurrer have been filed after the expiration of the time allowed by law, but the case has never been marked "in default," it is error, on the call of the case for a hearing, to dismiss the plea and the demurrer because not filed in time.

Submitted June 16,—Decided July 14, 1904.

Complaint. Before Judge Butt. Harris superior court. October 14, 1903.

*H. C. Cameron*, for plaintiff in error. *B. H. Walton*, contra.

CANDLER, J. It appears from the record in this case that, prior to the term of court to which it was returnable, a numerously-signed petition was presented to the judge, requesting him not to hold court at that term, the reason for this request being that, owing to recent severe rains, numerous bridges had been washed away and many of the citizens of the county would be unable to attend the sessions of the court. The plaintiff and his attorney both signed this petition, and both of them resided at the county-seat. In response to this petition the judge convened court at the regular time and passed the following order: "Harris superior

court, April term, 1902. For sufficient reason shown, it is ordered by the court that all parties defendant to this term of the court be and they are hereby allowed sixty days from this date to file all answers, defenses, demurrers, and other pleas required by law to be filed at this term of court. This April 14th, 1902." The appearance docket was not called, but after passing this order the court adjourned. Within the sixty days allowed by this order the defendant filed a demurrer and a plea to the action brought against him. Subsequently the case was continued from time to time; and when it was finally called for a hearing the plaintiff moved to strike the demurrer and the plea, on the ground that they were not filed within the time required by law. The court sustained the motion to strike, and the defendant excepted. It was clearly error to strike the plea and the demurrer. The judge evidently proceeded upon the idea that the order giving the defendant additional time to plead was void for want of authority to pass it. But granting that this view is correct, the fact remains that the case has never been adjudged in default, and the statute allows the defendant until thirty days after the entry of default to appear and, by payment of the costs, have the default opened and plead. See *Davis* v. *South Carolina R. Co.*, 107 *Ga.* 420, which is practically controlling of the case at bar. Anything in the case of *Deering Harvester Co.* v. *Thompson*, 116 *Ga.* 418, that is contrary to what is now held is not binding as authority, for the reason that the case cited was decided by only five Justices, while the present case is based on an earlier decision, rendered by a full bench of six Justices.

<em>Judgment reversed. All the Justices concur.</em>