## CLIFTON v. FIVEASH.

Where a plea in a city court established under the provisions of the Civil Code, §§ 4270 et seq., has been filed after the expiration of the time allowed by law, but the case has never been marked in default, on the call of the case for trial the plea should not be stricken because it was not filed at the appearance term.

Argued February 10,—Decided March 7, 1905.

Certiorari. Before Judge Daley. Tattnall superior court. April 8, 1904.

*E. J. Giles* and *James K. Hines*, for plaintiff in error.
*W. T. Burkhalter*, contra.

EVANS, J. C. D. Fiveash brought suit, in the city court of Tattnall county, against Peter Clifton, to recover a sum alleged to be due on a note, a copy of which was attached to the petition. At the appearance term, an order was granted by the judge allowing the defendant thirty days in which to file his answer. Within the time limited the answer was filed. At the trial term the plaintiff demurred to the plea, on several grounds, among which was that the plea was not filed at the appearance term. The demurrer was overruled, and the case proceeded to trial, resulting in a verdict for the defendant. The plaintiff sued out a writ of certiorari from the verdict and judgment of the city court, complaining of various errors alleged to have been committed in the trial. The judge of the city court answered the writ of certiorari; to this answer a traverse was filed, and the case was duly entered on the issue docket of the superior court. On the call of the case counsel for Fiveash made an oral motion for the court to render a final judgment against the defendant, on the ground that he had not filed his plea to the petition at the appearance term of the city court of Tattnall County. No evidence was introduced on the hearing of this motion, and the same was based on the facts which appeared from the record in the certiorari case. The court granted the motion and entered up final judgment in favor of the plaintiff and against the defendant for the amount alleged to be due on the note sued on in the city court. The plaintiff in error, Peter Clifton, assigns error on the sustaining of the motion and the rendition of a final judgment against him. The judgment sustaining the certiorari recites that, "upon motion made by counsel for plaintiff, it is ordered that plaintiff's demurrer in the above-

stated case be sustained, and that defendant's plea be stricken because not filed at the appearance term of said city court, and plaintiff having never consented to the filing of said plea." The grounds of the demurrer other than that contained in the foregoing excerpt from the judgment were not passed on by the court below. Relative to this ground, the answer of the city-court judge to the certiorari is as follows: "The demurrer to the plea in said case was overruled as to the filing of the plea after the appearance term, because the defendant was allowed at the appearance [term] 30 days after the appearance [term] to file the plea, by the court, which was done, and the plea was filed within the time allowed by the court at the appearance term."

We have extensively set out the history of this case, to show that the only question adjudicated by the court below and which is here for review is the correctness of the ruling on the demurrer that the plea was filed too late. The city court of Tattnall county was established under the provisions of Civil Code, § 4270 et seq. The practice and procedure in these city courts are the same as in the superior court, unless otherwise provided. Civil Code, § 4299. In the superior court the defendant shall make his defense at the first term. The judge shall call the appearance docket at the appearance term, and, upon such call, all cases in which the defendant has not filed a demurrer, plea, or answer, or other defense, shall be marked in default. Civil Code, § 5069. Where a plea has been filed after the expiration of the time allowed by law, but the case has never been marked "in default," on the call of the case for a hearing, the plea should not be stricken because not filed in time. *Gordon* v. *Hudson,* 120 *Ga.* 698. It appearing from the record that the case was not marked "in default" by the city-court judge, he did not err in refusing to dismiss the plea because it was filed after the appearance term. The superior-court judge therefore erred in sustaining the certiorari and rendering final judgment upon the ground that the plea to the suit should have been dismissed for the reason it was filed too late. The judgment of the superior court is reversed and the case remanded, so that the traverse may be tried and the other assignments of error in the petition for certiorari may be disposed of in the usual way. *Carter* v. *Garrett,* 113 *Ga.* 1058.

*Judgment reversed, with direction. All the Justices concur.*