## GLASS *v.* ALLEN.

FISH, C. J. 1. Where a demurrer to the petition and a plea were filed after the expiration of the time allowed by law, but the case was never marked "in default," it was error, on the call of the case for trial, to strike the demurrer and plea because not filed in time. *Davis* v. *South Carolina R. Co.,* 107 *Ga.* 420 (33 S. E. 437); *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131); *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S..E. 314); *Gillis* v. *Atlantic Coast Line R. Co.,* 127 *Ga.* 678 (56 S. E. 1003); *Hodnett* v. *Stewart,* 131 *Ga.* 67 (2), 68 (61 S. E. 1124). See also *Clifton* v. *Fiveash,* 122 *Ga.* 383 (50 S. E. 134).

2. In *Gordon* v. *Hudson,* supra, the court declined to follow, in its entirety, the ruling in *Deering. Harvester Co.* v. *Thompson,* 116 *Ga.* 418 (42 S. E. 772), saying: "Anything in [that case] that is contrary to what is now held is not binding as authority, for the reason that the case . . was decided by only five Justices, while the present case is based on an earlier decision [*Davis* v. *South Carolina R. Co.,* supra], rendered by a full bench of six Justices."

3. After striking the demurrer and plea the court erred in directing a verdict for the plaintiff.
          *Judgment reversed. All the Justices concur.*
NOVEMBER 14, 1913.

Complaint. Before Judge Worrill. Terrell superior court. November 27, 1912.

*H. A. Wilkinson,* for plaintiff in error

*M. C. Edwards,* contra.