## HALL *v.* TIEDEMAN.

1. Where the case has never been marked "in default" on the docket, nor any order taken declaring the case to be "in default," it is error to dismiss an answer to the merits of the cause, filed at a term subsequent to the appearance term, because not filed in time.
2. A plea to the jurisdiction is a dilatory plea, and must be filed at the first term. It is too late to file such a plea at a subsequent term, notwithstanding the case may not have been marked "in default" at the appearance term.

APRIL 23, 1914.

Complaint. Before W. M. Lewis, judge pro hac vice. Montgomery superior court. February 8, 1913.

*C. P. Thompson,* for plaintiff in error. *H. C. Beasley,* contra.

EVANS, P. J. An action on a note was brought by George W. Tiedeman against J. K. Hall and several others, returnable to the May, 1912, term of the superior court of Montgomery county. On the call of the appearance docket at the return term it appeared that some of the defendants had not been served, and an order was taken to perfect service by the November, 1912, term, and making that term the appearance term of the cause. At that term of the court the case was not called for answer, and was not marked "in default" on the docket, nor was any default judgment entered during that term. On February 4, 1913, the defendant, J. K. Hall, filed with the clerk of the court his plea to the jurisdiction, and also an answer to the merits. Upon the call of the case at the February, 1913, term, the court dismissed the defendant's plea and answer, upon the ground that the same were not filed in time, and entered up judgment on the note.

1. The statute provides that the judge at each term shall call the appearance docket upon some day previously fixed, or upon the last day of the term. Upon such call the cases in which the defendant has not filed a demurrer, plea, answer, or other defense shall be marked "in default." Civil Code (1910), § 5653. This statute has been construed to mean that unless a case has been marked "in default," it is error, on the call of the case for a hearing, to dismiss the defendant's plea because not filed in time. *Gordon* v. *Hudson,* 120 Ga. 698 (48 S. E. 131); *Neal* v. *Davis Foundry & Machine Works,* 131 Ga. 701, 707 (63 S. E. 221). The case was not called at the November, 1912, term of the court, which had been by order made the appearance term of the case,

nor was there any default judgment entered upon the docket. It was therefore error for the court to dismiss the defendant's answer to the merits on the ground that the same was not filed at the appearance term.

2. However, there was no error in dismissing the plea to the jurisdiction, as it stands upon a different footing from a plea to the merits of the cause, and the time of its filing is fixed by other provisions of the code. A plea to the jurisdiction is a dilatory plea (Civil Code (1910), § 5667), and all dilatory pleas must be filed at the first term (§ 5641). The November, 1912, term was the first term of the case after service of the plaintiff in error, and by order of the court was made the appearance term. The plea to the jurisdiction should have been filed at that term, and it was too late to file it at a subsequent term.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Atkinson, J., absent.*