PRICE *v.* HAMILTON, sheriff, *et al.*

EVANS, P. J . 1. Where a case is not marked "in default" on the docket, the court may in its discretion, at a subsequent term before such entry has been made, permit a plea to be filed and entertain a motion to dismiss the petition on the ground that it does not contain a cause of action. *Chambless* v. *Livingston*, 123 *Ga.* 257 (51 S. E. 314) ; *Glass* v. *Allen*, 141 *Ga.* 30 (80 S. E. 284).

2. Penal Code § 603, which declares that any person who shall place in the waters of any river or creek a trap for catching fish, unless the main channel of such stream is left open for a space of ten feet for rivers, and one third of the channel for creeks, at low-water mark, and unobstructed for the free passage of fish up and down such stream, shall be guilty of a misdemeanor, and that the sheriff of the county, upon complaint of persons in the territory of such obstruction shall have authority to break and open such obstruction that may be placed in such waters in violation of the code section, does not offend that clause of

45

the constitution which requires the separation of the legislative, judicial, and executive powers of government, or that which protects property against unlawful search and seizure, or that which declares that no person shall be deprived of life, liberty, or property except by due process of law. Lawton v. Steele, 152 U. S. 133 (14 Sup. Ct. 499, 38 L. ed. 385).

3. The petition did not state a cause of action, and it was not erroneous to dismiss it on oral motion.

*Judgment affirmed. All the Justices concur.*

APRIL 11, 1917.

Equitable petition. Before Judge Hardeman. Washington superior court. September term, 1916.

*Jordan & Harris,* for plaintiff. *Evans & Evans,* for defendants.