### 8326. BUFORD *v.* SOUTHERN COTTON OIL CO.

1. Under the act of 1910 as to the city court of Savannah (Ga. Laws, 1910, p. 203), which requires that in cases brought in that court the defendant "shall file his demurrer, plea, or answer in writing on or before the opening of the court at the return term of the suit," and that "in case of default, the same shall be noted on the docket," the court, in a case in which no plea or answer was filed in the required time, or for several terms thereafter, but in which no entry of default had been made on the docket, did not err in refusing to strike an answer, filed before the case was called for trial, on the ground that it was filed too late.
2. The court erred in directing a verdict for the defendant.

DECIDED JULY 23, 1917.

Complaint; from city court of Savannah—Judge Davis Freeman. January 8, 1916.

*Oliver & Oliver,* for plaintiff. *George W. Owens,* for defendant.

BLOODWORTH, J. Buford brought suit against the Southern Cotton Oil Company, returnable to the July term, 1914, of the city court of Savannah. No plea was filed until July 31, 1916. On August 1, 1916, plaintiff moved to strike the answer, upon the ground that it was filed too late, and "upon the ground that the answer was filed without any order of the court, or consent given by the court thus to file the same, and that the filing of the answer tended to deprive the plaintiff of a vested right which had accrued under the law." This motion was denied, "because said case had not been marked 'In default,' and the plea was filed before the case was called for trial." When the evidence was all in the judge directed a verdict for the defendant, for $50.22, the amount shown to be due the defendant, by the account set out in the plea and by the admission of the plaintiff.

1. Did the court err in refusing to strike the answer of the defendant? The answer to this question must be found in the proper construction of "An act to alter and amend the several

laws relating to the city court of Savannah, and for other purposes," found in Georgia Laws of 1910, p. 203, which provides as follows: "Defendants in cases brought in the city court of Savannah shall file his demurrer, plea or answer in writing on or before the opening of the court at the return term of the suit, and the pleadings shall conform to the general law of the State. In case of default, the same shall be noted on the docket, and in such case the defendant may of right before the opening of the court, on the Monday following the beginning of the term, open the default by filing and pleading not dilatory. If the default be not so opened the plaintiff may proceed ex parte and establish his demand, upon the proof thereof, but the judge of said court may upon cause shown either before or after final judgment open a default at any time within thirty days from the opening of the term." From this it will be seen that the provision is mandatory that the defendant shall file his defense "on or before the opening of the court at the return term of the suit," and that it is also mandatory that in cases of default the judge shall note the same on the docket. It appears that no plea was filed and that the judge did not enter default upon the docket. In the case of *Thurmond* v. *Groves,* 126 *Ga.* 779 (55 S. E. 915), the second headnote is as follows: "If there were any duty on the part of the judge to mark the case in default under this act, in the absence of anything appearing to the contrary, the presumption would be that he did so." By the express terms of the above-quoted act, it is the duty of the judge, in case of default, to note the same on the docket. As the judge is presumed to do his duty and there is no entry on the docket, there must have been some reason why it was not so marked. This idea is borne out by the fact that the attorney for the plaintiff did not take judgment, although several terms had passed before the plea was filed. There is evidently something in the case not disclosed by the record. It may be that a demurrer was filed, or that something happened in this case similar to that which occurred in the case of *Davis* v. *S. C. & Ga. R. Co.,* 107 *Ga.* 420 (33 S. E. 437). The attorney for the plaintiff complained that the plea was filed too late. If there was no reason for passing the case from term to term, why did not counsel for the plaintiff take judgment before the term at which the plea was filed?

It is true that this court and our Supreme Court have held,

where acts relating to city courts provided for the trial of cases
at the first term, that the procedure was so changed as to make
the superior court practice as to defaults utterly inapplicable.
*Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54);
*Pitts* v. *Wheeler,* 6 *Ga. App.* 720 (65 S. E. 689); *Hunter* v. *Hin-
man,* 7 *Ga. App.* 387 (66 S. E. 1039). But in such cases there
was no reference in the acts to defaults. In the instant case it is
different, and we can analogize the provisions of the act to the sec-.
tions of the code in reference to judgments and defaults in the
superior court. Under our law, persons who are sued in the superior
court must make their defense at the first term. Civil Code,
§§ 5628, 5635, and 5653; *Cowart* v. *Stanton,* 104 *Ga.* 520 (30 S. E.
743). Sections 5653, 5655, and 5656 of the Civil Code of 1910
provide for the entry and for the opening of defaults. Section 5655
provides that in the event the default is not opened within thirty
days from the entry thereof, "the plaintiff shall be entitled at the
trial term to take a verdict or judgment as the case may be." Sec-
tion 5656 provides that the judge in his discretion may allow de-
faults opened "for providential cause preventing the filing of plea,
or for excusable neglect, or where the judge from all the facts shall
determine that a proper case has been made for the default to be
opened on terms to be fixed by the court." It is now well settled
that a default can not be opened after the trial term has passed.
*Brawner* v. *Maddox,* 1 *Ga. App.* 332 (58 S. E. 278); *Longalife
Paint Co.* v. *Williams,* ante, 524 (93 S. E. 154). The act governing
cases of default in the city court of Savannah, quoted supra, pro-
vides that "In case of default, the same shall be noted on the
docket, and in such case the defendant may of right before the
opening of the court, on the Monday following the beginning of
the term, open the default by filing and pleading not dilatory. If
the default be not so opened the plaintiff may proceed ex parte and
establish his demand, upon the proof thereof, but the judge of said
court may upon cause shown either before or after final judgment
open a default at any time within thirty days from the opening of
the term."

It will thus be seen that where there is an entry of default in a
case in the superior court, the default can not be opened after the
trial term; and it appears from the act quoted above that a default
in the city court of Savannah can not be opened at any time after
thirty days from the opening of the first term. But we are

dealing with a case in which there is no entry of default on the docket; and we are forced to the conclusion that under the special act referred to, there must be an entry of default on the docket, or an adjudication of the fact of default, before the defendant will be denied the privilege of filing his defense. In the case of *Davis v. S. C. & Ga. R. Co.,* supra, there was no pleading at the first term and no default entered, and in the decision (p. 422) Justice Lewis said: "We think in this case the judge erred in ruling that the case was in default at all. An adjudication of default is evidenced by an entry on the docket, even if the defendant had ever become liable to such judgment against him in this case, there was a failure to so enter it. The statute gives him thirty days after the *entry of default* in which to plead and have the same opened upon the payment of costs. To allow the defendant to file his demurrer before such entry has been made, and therefore before the case had actually been adjudged in default, was certainly no abuse of discretion on the part of the judge, and was not a violation either of the spirit or letter of the statute." The following rulings are in point: "When upon the call of the appearance docket no entry of default is made, the court may in its discretion, at a subsequent term, permit a plea to be filed at any time before such entry has been made." *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314). "Where a plea has been filed after the expiration of the time allowed by law, but the case has never been marked 'In default,' it is not error, on the call of the case for hearing, to refuse to strike the plea and an amendment thereto because not filed in time; and the decisions upon this question in the cases of *Davis* v. *South Carolina R. Co.,* 107 *Ga.* 420 (33 S. E. 437), *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131), *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314), and *Gillis* v. *Atlantic Coast Line R. Co.,* 127 *Ga.* 678 (56 S. E. 1003), upon a review thereof are affirmed." See also *McKenzie* v. *Consolidated Lumber Co.,* 142 *Ga.* 375 (82 S. E. 1062) ; *Hall* v. *Tiedeman,* 141 *Ga.* 602 (81 S. E. 868) ; *Clifton* v. *Fiveash,* 122 *Ga.* 383 (50 S. E. 134) ; *Price* v. *Hamilton,* 146 *Ga.* 705 (92 S. E. 62).

There is an apparent, if not a real, conflict between what is here decided and what is decided in the case of *Riverdale Pecan Co.* v. *Cutter,* 16 *Ga. App.* 631 (85 S. E. 929). But we are following the rulings of our Supreme Court as laid down in the above-stated

cases, and by these we are bound. In the case just referred to, Chief Judge Russell cited the case of *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54), and in the case cited Chief Justice Simmons called attention to the fact that in the superior court the code requires that the judge shall call the appearance docket at the first term and mark against each case "Answer" or "Default;" and then added: "The city court of Atlanta has now no appearance term. The judge is not obliged to call the appearance docket." The other case cited by Chief Judge Russell is that of *Thurmond* v. *Groves,* supra, which arose in the city court of Washington, and the act creating that court makes no provision for the calling of the appearance docket or for marking cases "in default." In the city court of Savannah, as above shown, the judge was required in case of default to enter the default on the docket. It will thus be seen that the cases cited in the case of *Riverdale Pecan Co.* v. *Cutter,* supra, are apparently not authority for the broad principles laid down in that case. The facts in the other cases cited by counsel for the plaintiff in error clearly distinguish those cases from the instant one. In the case of *Bass* v. *Doughty,* 5 *Ga. App.* 458, 460 (63 S. E. 516), Judge Powell said: "Punctuality is a virtue of high order, but truth and justice are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice require it. This may be said to be the general policy of the law. Our statutes for opening defaults well indicate this policy. Therefore if the language used by the legislature in a special act is ambiguous or doubtful in meaning, the ambiguity and doubt will be resolved against harshness and injustice and in favor of letting the truth be known."

Under the above rulings we are constrained to hold that the judge properly refused to strike the plea.

2. The plaintiff's suit was based upon a contract under which he was to purchase for the defendant cottonseed on commission. In his petition he asked for commissions on a number of transactions. The evidence in reference to at least a part of these was

conflicting as to material facts, and we can not say that the evidence introduced, with all reasonable deductions and inferences therefrom, demanded a verdict for the defendant; and for this reason the judgment is

　　　　　*Reversed. Broyles, P. J., and Jenkins, J., concur.*