## HILL *v.* COX.

1. Where no demurrer to the petition or plea of res adjudicata is filed at the appearance term of court. and no entry or judgment of " default " is entered on the docket. and the demurrer and such plea are filed at the trial term of court, it is not error, on the call of the case for hearing, to overrule a motion to dismiss the demurrer and plea.

2. Dilatory pleas, which are required to be filed at the first term, " are those which do not answer the general right of the plaintiff, either by denial or in confession and avoidance, but assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery." A plea of res adjudicata, if sustained, is conclusive that the plaintiff can not recover at all as to the matters which have been previously adjudicated between the same parties by a court of competent jurisdiction. Such plea if sustained is a bar to recovery, and is not a mere dilatory plea, and may be filed at the trial term of court.

3. The judge, to whom was submitted for decision without a jury the plea of res adjudicata and the evidence relied on to support it, did not err in sustaining the plea.

No. 2327. JUNE 16, 1921.

Action for specific performance. Before Judge Wilson. Mitchell superior court. October 13, 1920.

Miss Lizzie Hill brought suit to compel Mrs. Grace Hill, as the sole heir at law of her husband, J. R. Hill, to specifically perform an alleged parol contract claimed to have been made by J. R. Hill in his lifetime with his sister, the plaintiff, under the terms of which Hill bound himself to make suitable provision by his will, adequate for the support and maintenance of the plaintiff for the remainder of her. life. A general demurrer to that petition was filed and was sustained by the court below; and that judgment was affirmed by the Supreme Court. See *Hill* v. *Hill,* 149 *Ga.* 50 (99 S. E. 31). The present suit was brought by the same plaintiff against the same defendant, who in the meantime had married Cox and had removed to Mitchell County, where she and her husband resided at the time of the filing of the suit. The record is silent as to what, if anything, was done at the appearance term of Mitchell superior court. It does appear that no entry or judgment of default was made on the docket or otherwise at the appearance term of that court. At the trial term in October the defendant filed a plea averring that the dismissal of the former suit on a general demurrer involving the merits of the case constituted res adjudicata and was a bar to the present suit. The defendant also demurred and answered. A motion was made by plaintiff's counsel to dismiss the demurrer and the plea of res adjudicata, on the ground that they had not been filed at the first term. The court overruled the motion to strike the plea and the demurrer, and the plaintiff excepted.

*Milner & Farkas,* for plaintiff.

*Pope & Bennet,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. The plaintiff excepts to the refusal of the court to strike the defendant's demurrer which was not filed at the first but at the second term of court. It is insisted here that a demurrer can not be filed after the appearance term, although no entry of default was made upon the docket by the court. It is true that the statute does provide that demurrers shall be filed and disposed of at the first term of court; but we are of the opinion that this is merely directory and not mandatory. A general demurrer may be filed at any time before verdict. The Civil Code

(1910) § 5654, provides: "At any time within thirty days after the entry of default, the defendant, upon payment of all costs which have accrued, shall be allowed to open the default and file his defense by demurrer, plea, or answer." It thus appears that the statute confers the absolute right upon the defendant, upon payment of all costs which have accrued, to open the default and file his demurrer, etc. This right is not dependent upon the exercise of the judge's discretion. Besides, it has been repeatedly held by this court that where the case has never been marked " in default," and a plea and demurrer have been filed after the expiration of the time allowed by law, it is error on the call of such case for a hearing to dismiss the demurrer and plea because they were not filed in time. *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131). In delivering the opinion of the court in that case Candler, J., said: "It was clearly error to strike the plea and demurrer. The judge evidently proceeded upon the idea that the order giving the defendant additional time to plead was void for want of authority to pass it. But granting that this view is correct, the fact remains that the case has never been adjudged in default, and the statute allows the defendant until thirty days after the entry of default to appear, and, by payment of the costs, have the default opened and plead. See *Davis* v. *South Carolina R. Co.,* 107 *Ga.* 420, which is practically controlling of the case at bar. Anything in the case of *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418, that is contrary to what is now held is not binding as authority, for the reason that the case cited was decided by only five Justices, while the present case is based on an earlier decision rendered by a full bench of six Justices." The *Gordon* case was by a full bench of six Justices also, and has been followed since its rendition. *Clifton* v. *Fireash,* 122 *Ga.* 381 (50 S. E. 134); *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314); *Gillis* v. *A. C. L. R. Co.,* 127 *Ga.* 678 (56 S. E. 992); *Hodnett* v. *Stewart,* 131 *Ga.* 67 (2), 68 (61 S. E. 1124); *Glass* v. *Allen,* 141 *Ga.* 30 (80 S. E. 284). Applying the principle ruled in the foregoing cases to the facts of this case, which failed to show that there was any entry or judgment of default placed on the docket, or otherwise, the court below did not err in failing to strike the demurrer and plea because they were filed at the second term of court.

2. Exception is also taken to the refusal of the trial judge to strike the defendant's plea of res adjudicata. It is insisted by the plaintiff that a plea of res adjudicata is a dilatory plea and under the statute must be filed at the first term of court. The question arises, therefore, whether the plea of res adjudicata is a mere dilatory plea which should be filed at the first term, and which would cause an abatement of the suit in order to point out to the plaintiff a better right, or whether it is a plea in bar which would, if sustained, put an end to the litigation. We think that the latter is the correct view. In the case of *Walden* v. *Walden,* 128 *Ga.* 126, 130, 131 (57 S. E. 323), Lumpkin, J., speaking for the court, said: " The plaintiffs urged, that the plea [res adjudicata] was one in abatement; that the law required such a plea to be sworn to and filed at the first term, it being a dilatory plea; that it could not be amended by adding these judgments after the appearance term; and that the judgments set out in the amendment were not taken until after the suit and the original plea had been filed, and after the appearance term. A plea of former recovery has sometimes been spoken of as a plea in abatement, but it is not a mere dilatory plea. ' Dilatory pleas are those which do not answer the general right of the plaintiff either by denial or in confession and avoidance, but assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery. . . They are thus steps which, if taken, are preliminary to the substantial defense of the action, and in no way affect the legal right of the plaintiff to recover, save by suspending it, if they prevail, so far as the present action is concerned.' Shipman's Com. Law Pl. 189 § 273; Andrews' Stephen's Pl. (2d ed.) 186, § 100. ' An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation.' Civil Code, § 3741. A plea of res adjudicata, therefore, does not merely go to resisting the plaintiff's right of recovery so far as the present action is concerned, but if sustained is conclusive that he can not recover at all as to the matters which have been previously adjudicated. It more nearly ranks with a plea of estoppel, which neither confesses nor avoids, but pleads a previous inconsistent act, allegation, or denial of the plaintiff, which estops him from maintaining his action. Shipman's Com. Law Pr. 190, §

274. It is true that a former recovery and the pendency of a former suit for the same cause of action are mentioned together, in § 5094 of the Civil Code, as giving good cause for abatement. But this section must be construed in connection with other sections touching former recovery. In *National Bank of Augusta* v. *Southern Porcelain Mfg. Co., 59 Ga.* 157, it was said that while technically, perhaps, a plea of res adjudicata might be called a plea in abatement, if good it is 'a substantial bar to the action,' and 'the case is ended, just as effectually killed as if a plea of payment, or non est factum, had been sustained.' And it was held that 'practically speaking, this is a plea in bar, and could come in as an amendment to the general issue.' Under the present law, the right of aiding defenses by amendment is more restricted. But the decision quoted ruled that this was not such a dilatory plea as fell within the requirement that it must be sworn to and filed at the first term."

We think that the ruling in the cited case, and those on which it is based, is an answer to the contention of the plaintiff that our Civil Code, § 5678, refers to the plea of res adjudicata as a mere plea in abatement. The Civil Code, § 4335, provides that "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." It will be observed that the statute does not provide that it should be an end of the suit being tried, but that the adjudication of the same subject-matter in issue in a former suit between the same parties by a court of competent jurisdiction should be an end of litigation with reference to the same subject-matter. The case of *Merritt* v. *Bagwell, 70 Ga.* 578 (3a), Hall, J., delivering the opinion of the court, holds that former recovery or pendency of another suit for the same cause of action is a matter for plea in abatement and must be taken advantage of at the first term; but upon investigation this will be found to be obiter dictum. The question before the court in the *Merritt* case was not whether a plea of former recovery was a plea in abatement or a plea in bar, but whether or not the court should arrest judgment because of the fact that judgment against one of the defendants had been rendered at one term and against the other at a subsequent term of the court. It may be observed in this connection also that the cases cited by

Judge Hall do not relate to pleas of res adjudicata but to pleas of misjoinder or similar pleas which were properly pleas in abatement and not pleas in bar. We conclude from the foregoing that the plea of res adjudicata filed in the present case is one in bar and not in abatement, and therefore it was not required to be filed at the appearance term of court. Holding, therefore that the plea of res adjudicata, which is a plea in bar, was filed in time, are the causes of action set out in the former suit and in the present, between the same parties, substantially the same? We are of the opinion that there is nothing in the present petition which could not, and should not, have been alleged in the first petition; and if the few additional facts alleged in the present petition could have been alleged in the former, the prior judgment can not be avoided by the slight differences in the pleadings as made by the second petition. As has been well said by Bleckley, J., in the case of *Perry* v. *McLendon, 62 Ga.* 598: "The effect of a judgment can not be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and, if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of the case, and not certain of its limbs only, that the final judgment takes hold upon. . . He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." Applying what has been said above to the facts of this case the court did not err in refusing to strike the plea of res adjudicata or the demurrer filed at the second term of the court; nor in finding in favor of the plea of res adjudicata, the court having, by consent of counsel, heard evidence and argument on the issue made by the plea of res adjudicata.

*Judgment affirmed. All the Justices concur.*