Complaint; from city court of Sandersville — Judge Goodwin. January 28, 1922.

Usury having been pleaded to an action on a promissory note executed in 1921, and the plaintiff having admitted the usury, no interest was included in the judgment rendered against the defendants, and it was adjudged therein that " on account of the usury conceded in the contract, this judgment does not bear interest." To this latter part of the judgment the plaintiff excepted, and the question whether, under the act of 1916 providing for forfeiture of usurious interest (Ga. L. 1916, p. 48), such a judgment bears interest was submitted by the Court of Appeals to the Supreme Court. The answer was in the negative.

*E. W. Jordan,* for plaintiff.   *Evans & Evans,* for defendants.

---

### 13385.   TAYLOR *v.* STOVALL.

STEPHENS, J.  1.  There being in the act establishing the city court of Alma no provision relative to the opening of defaults, and it being provided by the act that all the laws and rules of practice of the superior court shall apply in the city court of Alma unless in conflict with the act establishing the city court, the provisions of the Civil Code (1910), § 5654 (5, 6), as to opening a default judgment, are applicable to cases pending in the city court of Alma.

2.  It not appearing from the record that the defendant who was in default offered to open the default within thirty days, it therefore does not appear that the trial judge, in refusing to allow the defendant to open the default, denied him the right allowed under the Civil Code (1910),

§ 5654, to open the default within thirty days after the entry of " default."

3. Since otherwise the defendant's right to open the default was, under the Civil Code '(1910), § 5656, dependent upon the discretion of the trial judge, and it appearing that the defendant's counsel of record was present at the call of the appearance docket and knew that the dedefendant was marked in default, and it not appearing that it was shown to the court that the defendant was prevented from filing a plea from providential cause or excusable neglect, although the defendant alleges in his motion to open the default that " about the time that said entry of default was made " he paid to an agent of the plaintiff the amount of the indebtedness sued for, and " for that reason believed that was all to be done about the same, and thought that said suit against him would be withdrawn and stopped, and it was for this reason that he did not further look after the same, and it was within the past few days that he learned that the same had not been withdrawn as it was agreed for same to be done when he paid it in full," the trial judge did not abuse his discretion in refusing to allow the defendant, after the expiration of thirty days from the entry of default, to open the default and file a plea, even though the defendant tendered a plea under oath setting up a meritorious defense of payment.

4. The contention that the entry of default was void, and therefore that the case was not legally in default, upon the ground that the entry was made by a judge who was disqualified to try the case, is without merit, since it appears from the record that counsel for the defendant consented in open court to such entry.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED AUGUST 17, 1923.

Complaint; from city court of Alma — Judge Henson presiding. January 30, 1922.

*I. J. Bussell,* for plaintiff in error.

*T. J. Townsend,* contra.