## 25160.   BURSON *v.* LUNSFORD.

DECIDED JUNE 8, 1936.

*Scott Candler, C. N. Davie, J. F. Kemp,* for plaintiff in error.
*Augustine Sams,* contra.

JENKINS, P. J. 1. Where city court acts such as that creating the city court of Decatur (Ga. L. 1922, pp. 248, 249) provide that "so far as the same may be applicable, and not herein otherwise provided, the rules of practice, forms of pleading, and methods of procedure now prevailing in, or that may be hereafter adopted for the superior courts of this State, shall be adopted and followed in said city court," the statutory rules governing superior courts, as to the filing of defenses and the entry and opening of defaults, will control such city courts, except in so far as those rules are nullified or modified by some other provision in the city court act. *Clifton* v. *Fiveash,* 122 *Ga.* 383, 384 (50 S. E. 134); *Fountain* v. *Ragan-Malone Co.,* 141 *Ga.* 58 (80 S. E. 306); *Taylor* v. *Stovall,*

30 *Ga. App.* 678 (2) (118 S. E. 795); *Cobb* v. *Burgamy,* 39 *Ga. App.* 602 (147 S. E. 921).

2. By the judiciary act of 1799 and subsequent Code provisions, it was required that the answers or pleas of defendants *"shall"* be filed on or before the last day of the term to which the petition was returnable; otherwise a default judgment could be taken on motion of the plaintiff. Cobb, 486; *Johnson* v. *Ballingall,* 1 *Ga.* 68, 70; *Jernigan* v. *Carter,* 51 *Ga.* 232 (2), 234. Under Code of 1933, § 81-305, as under prior Codes, the language of the former law, fixing the *last day of the return term* as the time limit for the filing of defenses, was slightly changed so as to require appearance and written defense *"at"* the first term. By the practice act of 1895 (Ga. L. 1895, p. 45), embodied in the present Code as § 110-401, the former law as to the filing of defenses, the duties of judges in reference to an appearance docket, and the entry of defaults, was modified by the following provisions: "In all cases, the judge at each term *shall* call the appearance docket upon some day previously fixed or on the last day of the term, and upon such call all cases in which the defendant has not filed a demurrer, plea, answer, or other defense *shall be marked 'in default'* on the docket. Such *entry* on the docket shall be considered a judgment by default, without a formal entry thereof." Thus, for the first time the marking of an entry of "default" on the docket was made mandatory. The succeeding sections 110-402 to 110-405 inclusive, as to the opening of defaults upon payment of costs and the discretion of a judge to allow at the trial term the opening of a default upon compliance with conditions as stated, assume and are not made operative until after "the entry of 'default.'" Unless a special order of default is taken, it is now the entry by the judge on the docket of the words "in default" that effects a judgment by default and evidences such an adjudication. *Davis* v. *S. C. & Ga. R. Co.,* 107 *Ga.* 420, 422 (33 S. E. 437); *Fraser* v. *Neese,* 163 *Ga.* 843 (1-3, 5-d) (137 S. E. 550). If the judge neglects to mark an undefended case "in default" at the first term, "the time within which the defendant may answer is accordingly prolonged." *Currie* v. *Deaver,* 1 *Ga. App.* 11 (2), 13 (57 S. E. 897). Thus it is well settled by repeated adjudications, made under the act of 1895, that "Where a case has never been marked 'in default' on the docket, and no order has been taken declaring it

to be 'in default,' an answer to the merits of the case, filed at a term subsequent to the appearance term, will. not be dismissed because not filed in time." *McKenzie's Sons & Co.* v. *Consolidated Lumber Co.*, 142 *Ga.* 375 (82 S. E. 1062) ; *Hall* v. *Tiedeman*, 141 *Ga.* 602 (81 S. E. 868) ; *Glass* v. *Allen*, 141 *Ga.* 30 (80 S. E. 284) ; *Neal* v. *Davis Foundry & Machine Works*, 131 *Ga.* 701, 707 (63 S. E. 221) ; *Gordon* v. *Hudson*, 120 *Ga.* 698, 699 (48 S. E. 131) ; *Gillis* v. *A. C. L. R. Co.*, 127· *Ga.* 678 (56 S. E. 1003). These principles have been applied to city courts whose rules of pleading and practice, under the acts creating them, follow those of the superior courts. *Clifton* v. *Fiveash*, supra; *Anderson Banking Co.* v. *Chandler*, .27 *Ga. App.* 102 (2) (107 S. E. 494) ; *Buford* v. *Southern Cotton-Oil Co.*, 20 *Ga. App.* 581, 584 (93 S. E. 318). The rule may be different as to dilatory pleas, such as pleas to the jurisdiction, and special demurrers, which, if not filed at the first term, may not be filed at a subsequent term, even though the case may not have been marked "in default" at the appearance term. See *Hall* v. *Tiedeman*, supra; *Ross* v. *Mercer*, 118 *Ga.* 905 (2) (45 S. E. 787) ; *Smith* v. *Aullman*, 30 *Ga. App.* 507 (4) (118 S. E. 459).

Cases relied upon as holding contrary to the preceding rules are distinguishable, because : (1) they arose prior to the practice act of 1895, which first made mandatory the call of the appearance docket and the entry of a case as "in default" in order to render it in default, in the absence of a special order therefor (*Camp* v. *Wallace*, 61 *Ga.* 497; *McCall* v. *Tufts*, 85 *Ga.* 619, 11 S. E. 886; *Western Union Telegraph Co.* v. *Lark*, 95 *Ga.* 806 (2), 807, 23 S. E. 118; *Fisher* v. *Savannah Guano Co.*, 97 *Ga.* 473, 25 S. E. 477) ; or (2) the case was treated as if a "default" had been actually entered under the act of 1895, although the facts reported are not clear in so indicating (*Thornton* v. *Coleman*, 104 *Ga.* 625-627, 30 S. E. 782) ; or (3) the case arose in a city court where there was no "appearance term," and "the judge was not obliged to call the appearance docket," as required in the superior courts under Code of 1933, § 110-401 (*Dodson Co.* v. *Harris*, 114 *Ga.* 966, 969, 41 S. E. 54). See *Buford* v. *Southern Cotton-Oil Co.*, supra; *Bridges* v. *Wilmington Savings Bank*, 36 *Ga. App.* 239 (136 S. E. 281) ; where several of these cases are discussed and distinguished from the settled line of authority.

There are some cases containing general language that, even though there be no entry of "default" on the docket, the filing of a plea or answer after the appearance term is a matter of "discretion." Thus, in *Price* v. *Hamilton, 146 Ga.* 705 (92 S. E. 62), it was held, that, "where a case is not marked 'in default' on the docket, the court may in its *discretion,* at a subsequent term before such entry has been made, permit a plea to be filed and entertain a motion to dismiss the petition on the ground that it does not contain a cause of action." (Italics ours.) *Chambless* v. *Livingston, 123 Ga.* 257 (51 S. E. 314), and *Glass* v. *Allen,* supra, are cited as authority for this ruling. In the latter case it was merely held that it "was error, on the call of the case for trial, to strike the demurrer and plea because not filed in time," where "the case was never marked 'in default.'" The element of "discretion" does not appear to have entered into the case. In the *Chambless* case the court held: "When upon the call of the appearance docket no entry of default is made, the court may in its *discretion,* at a subsequent term, permit a plea to be filed at any time before such entry has been made." (Italics ours.) *Gordon* v. *Hudson, 120 Ga.* 698 (48 S. E. 131), is cited in support of this holding. In the latter case, however, as in *Glass* v. *Allen,* supra, it was held that "it is error, on the call of the case for a hearing, to dismiss the plea and the demurrer because not filed in time." It was further held in the opinion that "anything in the case of *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418 (42 S. E. 772), that is contrary to what is now held is not binding as authority, for the reason that the case cited was decided by only five Justices, while the present case is based on an earlier decision, rendered by a full bench of six Justices." *Davis* v. *South Carolina R. Co.,* supra. In the *Thompson* case, thus disapproved, it was held that "A default will not be opened at the instance of a defendant unless he shows a 'reasonable excuse' for failing to file an answer at the first term, that is, such an excuse as will justify the exercise in his favor of a sound legal *discretion.*" (Italics ours.) The *Thompson* case seems to have been treated by the parties as well as the courts as one already in default by being so marked, since it was stated that the defendant "moved to open the default." In this respect that case is similar to *Thornton* v. *Coleman,* distinguished supra. The *Davis* case is cited as the controlling authority by the *Gordon* and *Glass* cases,

supra, which in effect disapproved the principle of "discretion" as applicable where no "default" had been marked; and by the *Chambless* case, supra, which used the general language that "the court may in its discretion" permit the filing of a plea. In the *Davis* case it was held, that, in the absence of an entry of default, "it was not error for the court to permit a demurrer to be filed, on payment of costs by defendant . . at the trial term of the case." In the opinion, the 1895 practice statute as to the entry of a "default" was discussed, and it was said: "We think in this case the judge erred in ruling that the case was *in default at all*. An adjudication of default is evidenced by an entry on the docket, and even if the defendant had ever become liable to such judgment against him in this case, there was a failure to enter it. The statute gives him thirty days after the *entry of default* [italics by the Supreme Court; previous and subsequent italics ours] in which to plead and have the same opened upon the payment of costs. To allow the defendant to file his demurrer *before such entry has been made, and therefore before the case has actually been adjudged in default,* was certainly no abuse of discretion on the part of the judge, *and was not a violation either of the spirit or letter of the statute."* Thus, although the words "no abuse of discretion" are used, the decision is clearly planted on the absence of any entry of "default," and the holding is also that the allowance of a filing before such entry "was not a violation either of the spirit or letter of the statute." In all of this group of "discretion" cases, the question as to when and under what conditions the exercise of "discretion" would be proper was nowhere discussed. The effect of the rulings was no more than a holding that the judge had the power to allow the defense to be filed as a matter of right, and did or did not err in so doing.

Under the act of 1895, the sections as to the opening of defaults, following the section (Code of 1933, § 110-401) making mandatory the call of the appearance docket and the entry of cases as "in default," are not made applicable until "after the entry of 'default.'" It is so expressly provided by § 110-402, that the defendant, "at any time within 30 days" after such *"entry"* shall be "allowed to open the default and file his defense by demurrer, plea, or answer." By § 110-404, when no action is taken until the "trial term," the matter then becomes purely one of discretion,

as it is provided that "the judge, in his *discretion,* upon payment of costs, *may allow the default to be opened* for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." After the trial term, both right and "discretion" cease. *Cauley* v. *Wadley Lumber Co.,* 119 *Ga.* 648 (46 S. E. 852); *Thornton* v. *Coleman,* supra. The assumption in the language of the last section that there has been a proper entry of default, in order to render it necessary for "the default to be opened," clearly makes the section inapplicable where, under the ruling in the *Davis* case, supra, there has never been any "adjudication of default . . evidenced by an entry on the docket," and therefore no "default at all."

In the superior courts and city courts controlled by their rules of pleading and practice, the defendant may therefore, as a matter of right, file his answer after the appearance term, when there has been no entry of "default;" and such filing is not a matter of discretion under § 110-404, which, when an entry of default is to be opened at the trial term, requires the payment of costs and compliance with other stated conditions.

3. Does the act creating the city court of Decatur (Ga. L. 1922, pp. 248, 249) take its rules of practice out of the statutes controlling superior courts, as contended by the defendant in error? Section 4, quoted in the first paragraph of the opinion, requires that superior court rules of pleading and practice, "so far as the same may be applicable, and not herein otherwise provided . . shall be adopted and followed in said city court of Decatur." Section 6 provides for an appearance term, but makes the "second term" the "trial term." Under section 7, "all demurrers, pleas, and answers shall be filed on or before the first day of the term of the court to which the case is returnable, unless further time is granted by the court, otherwise the case *shall be* in default, and *so marked,* and at said return term judgment or verdict may be taken as the case may require." The requirement that answer be filed at the first term is the same as that in the Code, § 81-305,

applicable to superior courts. It thus appears that, not only is there nothing in these sections or elsewhere in the act making inapplicable or providing otherwise as to the superior court rules of pleading and practice governing the filing of answers and the entry of defaults, but the language "*shall be* in default, and so marked," makes the entry "in default" mandatory upon the judge of this city court the same as § 110-401 makes such entry mandatory upon judges of superior courts. Accordingly, in the instant case, under the preceding holdings, where the judge of the city court of Decatur had not made any entry of "in default" or any special order adjudicating the case as in default, it was error to strike the answer of the defendant, although it was filed at a term subsequent to the appearance term after an adverse decision on a plea to the jurisdiction.

*Judgment reversed. Stephens and Sutton, JJ., concur.*