AUSTELL BANK *v.* NATIONAL BONDHOLDERS CORPORATION *et al.; et vice versa.*

BELL, Justice. 1. Where, in a suit in a superior court, the trial judge, at the appearance term, entered upon his docket the words "In default, unless defensive pleadings filed . . in 60 days," such entry was not

such an unconditional judgment of "in default" as would prevent the filing of defensive pleadings until it was opened. Accordingly, an answer filed within the stated period of sixty days was not subject to be stricken on the ground that the case was in default; and this is true notwithstanding the time allowed may have extended beyond the term, and regardless of whether the judge had authority to grant such extension. Code, §§ 110-401, 110-402, 110-404; *Gordon* v. *Hudson*, 120 *Ga.* 698 (48 S. E. 131); *Glass* v. *Allen*, 141 *Ga.* 30 (80 S. E. 284); *Harper* v. *Tennessee Chemical Co.*, 37 *Ga. App.* 433 (4) (140 S. E. 408).

(*a*) Whether, if no answer had been filed within the time stated, the case might have been treated as "in default" after expiration of the sixty days, it was not in default during this time, and the defendant had the right to plead at any time in advance of such an adjudication. *Hill* v. *Cox*, 151 *Ga.* 599 (107 S. E. 850); *McFarlan* v. *Manget*, 179 *Ga.* 17 (174 S. E. 712); *Burson* v. *Lunsford*, 53 *Ga. App.* 411 (186 S. E. 213).

(*b*) It is sufficient in the present case to determine the *meaning* of the entry, without reference to authority of the judge to annex a condition or to grant such extension.

2. In a suit instituted by a person claiming to be the owner and holder of a promissory note, for the purpose of recovering thereon against the maker and another person alleged to have assumed the debt, it is permissible for the latter to inquire into the plaintiff's title to the note, if necessary either for his protection or to let in any valid defense which he seeks to make. Such was the law before the passage of the uniform negotiable-instruments act (Ga. L. 1924. p. 126), and the rule was not changed by that statute. Code of 1910, § 4290; Code of 1933, §§ 14-223, 14-505; *Bruce* v. *Neal Bank*, 134 *Ga.* 364 (67 S. E. 819); *Fourth National Bank* v. *Lattimore*, 168 *Ga.* 547 (2) (148 S. E. 396). Payment of a promissory note to a supposed transferee, holding it by virtue of a forged indorsement, will not protect the maker or one who has assumed the debt, against payment to the true owner; and consequently, in a suit by such an alleged transferee to enforce liability against such parties, the assumer may avail himself of the defense that the alleged transfer by the payee was not genuine. *Carter* v. *Haralson*, 146 *Ga.* 282 (2-*a*) (91 S. E. 88).

3. Where in such a case the plaintiff, a corporation, alleged in one paragraph of the petition that the note was indorsed in blank by the payee, and in a later paragraph that it was the owner and holder of the note and entitled to receive payment of the same, and the alleged assumer, another corporation, filed an answer within the time allowed by law, alleging that for want of sufficient information it could neither admit nor deny the averment as to indorsement in blank, but denying in positive, though general, terms the allegation that the plaintiff was the owner and holder of the note and entitled to receive payment of the same, such defendant could as a matter of right, at any later stage of the cause, amend its answer by alleging on oath (Code, § 20-805) that the indorsement was neither genuine nor legal. and that the plaintiff had no title to the note and no right to maintain the action thereon,— the amendment being not only positively verified, but accompanied by an affidavit made in accordance with the Code, § 81-1310. See §§

81-1301, 81-1302; *Wynn* v. *Wynn*, 109 *Ga.* 255 (34 S. E. 341); *Alabama Midland Railway Co.* v. *Guilford*, 114 *Ga.* 627 (40 S. E. 794); *Patton* v. *Bank of LaFayette*, 124 *Ga.* 965 (53 S. E. 664, 5 L. R. A. (N. S.) 592, 4 Ann. Cas. 639); *Bruce* v. *Neal Bank*, supra; *Simmons Furniture & Lumber Co.* v. *Reynolds*, 135 *Ga.* 595 (69 S. E. 913); *Carter* v. *Haralson*, supra; *Citizens & Southern Bank* v. *Blount*, 20 *Ga. App.* 153 (4) (92 S. E. 758); *Kreischer* v. *Bank of Louisville*, 32 *Ga. App.* 699 (5) (124 S. E. 538). Affidavit having been made in accordance with the Code, § 81-1310, relating to amendments setting up "any new facts or defense," no decision is required as to whether such affidavit was actually necessary under the facts of this case.

4. "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Code, § 29-102.

5. A banking corporation authorized its cashier to obtain a deed from a debtor of the bank in settlement of the debt. The cashier accepted a deed which contained a stipulation that the bank as grantee therein assumed a specified indebtedness due by the grantor to another person and secured by a prior security deed on the same property. The cashier afterwards, in the name of the bank and by its authority, made a deed conveying the property to still a different person, in consideration of assumption by the latter of the debt secured by such prior security deed, which conveyance *by the bank* it not only recognizes, but the terms of which it is actually seeking to enforce. *Held*, that the bank is charged with notice of the assumption clause contained in the *deed to it*, and should be held to have ratified the act of its cashier in accepting the deed with such clause, even though the cashier may not have been authorized to agree to such stipulation and the fact of its existence was never known to the directors or other officers of the bank until the bank was sued thereon. *Cheney* v. *Rodgers*, 54 *Ga.* 168 (2); *Rosser* v. *Cheney*, 61 *Ga.* 468; *Moran* v. *Bank of Forsyth*, 129 *Ga.* 599, 601 (59 S. E. 281); *Southern Railway Co.* v. *Lancaster*, 149 *Ga.* 434 (100 S. E. 380); *Mathews* v. *Fort Valley Cotton Mills*, 179 *Ga.* 580 (4), 588 (176 S. E. 505); *May Realty Co.* v. *Forsdick*, 180 *Ga.* 226 (178 S. E. 660); *Helping Hand of the Good Samaritan* v. *Bank of Smithville*, 33 *Ga. App.* 285 (3, 4) (125 S. E. 794); *Lancaster* v. *Neal*, 41 *Ga. App.* 721 (5) (154 S. E. 386); *Corbin Supply Co.* v. *Loftis*, 50 *Ga. App.* 309 (178 S. E. 185).

6. Although the maker of the note secured by such deed was a married woman, the fact that she may have become by operation of law a mere surety for the debt upon its assumption by another, and adoption by the creditor of such assumption, did not make her a surety within the meaning of the Code, § 53-503, prohibiting contracts of suretyship by married women. *Stapler* v. *Anderson*, 177 *Ga.* 434, 436 (170 S. E. 498); *National Mortgage Corporation* v. *Bullard*, 178 *Ga.* 451, 454 (173 S. E. 401). Moreover, one who accepted a deed from such married woman agreeing therein to assume the debt, and who afterwards sold and conveyed the property as indicated, would be estopped to deny the validity of the debt upon the ground that it represented a prohibited suretyship. *Mathews* v. *Fort Valley Cotton Mills*, supra. See also *Palmer* v. *Smith*, 88 *Ga.* 84 (13 S. E. 956).

7. Upon application of the foregoing rulings, *held:*

(*a*) The court erred, as contended in the main bill of exceptions, in striking on oral motion the amendment to the answer of the defendant bank allowed subject to objection and demurrer on April 19, 1939, and set forth in the bill of exceptions as the first amendment of that date; and in overruling the later motion, made by the defendant during the term, to revoke the order striking such amendment. This amendment, considered with the original answer, alleged a valid defense so far as it denied the genuineness and legality of the indorsement, the plaintiff's title to the note, and its right to sue thereon.

(*b*) No other valid defense was alleged in the answer as amended, and the court did not err in striking the amendment shown in the bill of exceptions as the second amendment of April 19, 1939.

(*c*) The court erred, as contended in the cross-bill of exceptions, in overruling the plaintiff's demurrer, ground 7, to paragraph 11 of the original answer filed by the bank. No other error was committed as against the plaintiff.

(*d*) The error committed by the court in striking the defendant's first amendment of April, 1939, rendered the further proceedings nugatory; and consequently it was error to direct the verdict in favor of the plaintiff.

8. The order sustaining some of the plaintiff's demurrers to the answer was qualified by the statement, "but that said matter should not be stricken but left in for use between other parties." The exceptions taken by the plaintiff to this order are construed as applying only to the part adverse to it, and not to the stated qualification, in which the plantiff was not interested.

9. The maker of the note was not interested in *sustaining* the only part of the order which the plaintiff sought to have reversed, being the part which *overruled* the demurrer as to certain grounds, but was interested, with the plaintiff, in obtaining a reversal. Therefore the maker was not an essential party to the cross-bill of exceptions as brought by the plaintiff. Accordingly, there is no merit in the suggestion that the cross-bill of exceptions should be dismissed for the want of an essential party. Code, § 6-1202; *Federal Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 (178 S. E. 659); *Green* v. *Perryman,* 186 *Ga.* 239, 246 (197 S. E. 880).

*Judgment reversed on both bills of exceptions. All the Justices concur.*

Nos. 12956, 12992. September 16, 1939.

*Morris & Welsch,* for plaintiff in error.

*Pearce & John S. Matthews* and *Carpenter & Ellis,* contra.