## 51712. HORNER v. SAVANNAH VALLEY ENTERPRISES, INC. et al.

QUILLIAN, Judge.

Plaintiff brought this action for malicious use of civil process after one of the corporate officers of defendant Savannah Valley Enterprises, Inc. (hereinafter called Savannah) sued out a writ of attachment against him. In a prior civil action plaintiff brought suit against Savannah to declare invalid a sales contract for a restaurant and motel, and to recover sums paid by plaintiff to Savannah under the contract. The defendant counterclaimed for specific performance of the contract.

During the pendency of the prior action a deposition was taken of plaintiff and he was questioned about his future plans for the motel and restaurant. He stated, under oath, that he was moving out on June 6th because that was the first date the moving van could be scheduled. Thereafter, defendant Adams, an officer of Savannah

filed for an attachment against plaintiff, alleging that he was removing himself from the county on June 6, 1974. The attachment issued and the plaintiff went to the sheriff's office to be served. The officer failed to make any levy upon plaintiff's property. Plaintiff moved to dismiss the attachment on the ground of failure to make the levy and his motion was sustained and the attachment was dismissed.

Thereafter, plaintiff filed the present action, alleging that defendants "falsely, maliciously and without just cause, [alleged] that plaintiff on oath stated he was removing himself from within Franklin County, Georgia." Defendants moved for and were granted summary judgment "based upon the pleadings and all admissions therein . . .," and other affidavits and a certified copy of the record in the prior civil suit between the parties. Plaintiff appeals to this court. *Held:*

In order for a defendant to prevail on a motion for summary judgment, he must produce evidence which conclusively negates at least one essential element entitling plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence. *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114); *Reed v. Batson-Cook Co.,* 122 Ga. App. 803, 807 (3) (178 SE2d 728). The evidence of record must establish, without contradiction, the plaintiff is not entitled to recover and the pleadings and evidence are construed liberally in favor of the plaintiff, who is entitled to the benefit of any permissible inferences from which a jury might resolve the issue in favor of plaintiff. *Seligman & Latz, Inc. v. Grant,* 116 Ga. App. 539 (1) (158 SE2d 483).

By unanimous decisions, our Georgia Supreme Court has held that "in order to recover in a suit for malicious use of civil process, it must be shown that such process caused either (1) an arrest of the person, or (2) seizure of property, or (3) other special injury." *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, 108 (70 SE2d 734). *Jacksonville Paper Co. v. Owen,* 193 Ga. 23, 25 (17 SE2d 76). In the latter decision it was also held that "damages for embarrassment, mortification, humiliation, and being 'held up to public scorn and ridicule,' . . . do not constitute any special damages or injury." There was no arrest of the

plaintiff's person and he admits that there was no levy on his property.

Plaintiff's complaint is predicated on specified acts which he contends constitute "special injury." As a matter of law those acts alleged do not amount to "special injury" which would bring him within the rule cited above. *Oliver v. Aetna Ins. Co.,* 102 Ga. App. 89 (115 SE2d 647). Accord, *Counihan v. Ferrell,* 89 Ga. App. 795, 796 (81 SE2d 214); *Davis v. Paulk,* 99 Ga. App. 607 (109 SE2d 316) cert. den. It was not error for the trial judge to grant defendant's motion for summary judgment based on the pleadings and admissions therein.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 18, 1976 — REHEARING DENIED MARCH 12, 1976 —

*Tom Strickland,* for appellant.

*Heard, Leverett & Adams, Freeman Leverett, Floyd W. Keeble, Jr.,* for appellee.