## 69793. BEARD v. McDOWELL.
(331 SE2d 104)

BENHAM, Judge.

Appellant signed a note as an accommodation party for James

Baker, guaranteeing collection of the $10,500 debt Baker owed to appellee. Baker defaulted, and appellee sued both Baker and appellant on the note. Baker could not be found in Georgia and was not served with process, but appellant was so served. After the filing of responsive pleadings and discovery, both parties filed motions for summary judgment with supporting affidavits. Appellant filed an affidavit in response to appellee's motion, but appellee did not respond to appellant's motion. The trial court granted appellee's motion for summary judgment and denied appellant's motion, from which he appeals. We affirm.

1. Appellant contends that the affidavit supporting his motion for summary judgment set forth facts showing the defenses of discharge by impairment of collateral and by extension of time, and that his motion should have been granted due to appellee's failure to file an affidavit addressing these issues. This contention is without merit. As movant for summary judgment, appellant/defendant had the burden of producing evidence to conclusively negate at least one essential element entitling appellee/plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence. *Horner v. Savannah Valley &c., Inc.*, 138 Ga. App. 117, 118 (225 SE2d 458) (1976). The evidence of record must establish, without contradiction, that the plaintiff is not entitled to recover. Id. The non-moving plaintiff may resist a motion for summary judgment by doing nothing, relying on the movant's failure to remove all issues from the facts of the case. *Benefield v. Malone*, 110 Ga. App. 607, 610 (139 SE2d 500) (1964).

Appellant failed to carry his burden of production. There was no evidence that Baker had received an extension of time for loan repayment, nor did the evidence show an impairment of collateral. Appellant's motion not being adequately supported by the evidence, it was appropriate for the trial court to deny the motion even in the absence of a responsive affidavit from appellee. See OCGA § 9-11-56 (c) and (e).

2. Appellant next argues that his affidavit in opposition to appellee's motion raised the issues of fraud (OCGA § 13-5-5) and failure of consideration (OCGA §§ 13-5-8; 13-5-9), and therefore the trial court erred in granting appellee's motion. We disagree.

A claim of fraud cannot be predicated on statements which are promissory in their nature as to future acts. *Cosby v. A. M. Smyre Mfg. Co.*, 158 Ga. App. 587 (6) (281 SE2d 332) (1981). " 'Fraud cannot consist of mere broken promises, unfulfilled predictions or erroneous conjecture as to future events.' " *Charter Medical &c. Co. v. Ware Manor, Inc.*, 159 Ga. App. 378, 383 (283 SE2d 330) (1981). According to appellant, the misrepresentations appellee allegedly made to him were that a building like the one appellee was planning to construct for Baker would normally cost $15,500, and that appellee would fur-

nish the materials and labor to do the wiring in the building. Appellant claims that appellee knowingly made these misrepresentations to induce him to sign as a guarantor for Baker before appellee would construct the building. Since the alleged misrepresentations were made before the building was constructed, the defense of fraud is clearly inapplicable.

Nor was the failure of consideration an issue in the case. Consideration for a guarantor's signature is the extension of credit to his principal. *Griswold v. Whetsell*, 157 Ga. App. 800, 802 (278 SE2d 753) (1981); OCGA § 10-7-1. Since the record does not indicate that Baker did not receive the extension of credit for which the parties contracted, there was no failure of consideration. See *Motz v. Landmark First Nat. Bank*, 154 Ga. App. 858 (1) (270 SE2d 81) (1980).

3. Finally, appellant argues that appellee was not entitled to summary judgment, because he had not pursued his claim against the maker of the note in accordance with OCGA § 11-3-416 (2).

OCGA § 11-3-416 (2) requires the holder of an instrument in which collection is guaranteed to first reduce his claim against the maker to judgment unless it is apparent that it is useless to proceed against him. The record indicates that appellee simultaneously filed suit against appellant and the maker, Baker, on November 23, 1981, but Baker was never served since he no longer lived in the State of Georgia. It appears that he was last seen in Georgia by the parties on August 14, 1981, and appellant's answers to appellee's interrogatories, filed February 23, 1982, state that Baker lives in Jackson, Mississippi. Appellee thereby showed the futility of proceeding against Baker and shifted to appellant the burden of producing evidence to raise a material issue of fact. Since appellant failed to do so by affidavit or otherwise, the trial court's grant of judgment in appellee's favor was proper.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 20, 1985.

*Sidney E. Lambert*, for appellant.
*H. Parnell Odom*, for appellee.