**SECURITY PACIFIC BUSINESS FINANCE, INC., Plaintiff,**

v.

**LICHIRIE VENTURES–GODBY PLAZA, LTD and Stephen A. Abrams, Defendants.**

**No. 1:88–CV–1083–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 17, 1989.

Kenneth Lee Millwood, Pamela Rogers Masters, Smith Gambrell & Russell, Atlanta, Ga., for plaintiff.

Leonard Louis Franco, Walter W. Furlong, Furlong & Franco, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action to collect on a note. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Currently before the

---

court is plaintiff's motion for summary judgment. For the reasons stated below, the court GRANTS plaintiff's motion for summary judgment.[1]

FACTS

Security Pacific Business Finance, Inc. ("Security Pacific") is a Delaware Corporation with its principal place of business in a state other than Georgia. Complaint ¶ 1.

Defendant Lichirie Ventures–Godby Plaza, Ltd. ("Lichirie") is a Georgia limited partnership with its principal place of business in Georgia. *Id.* ¶ 2. Defendant Stephen A. Abrams ("Abrams") is a citizen and resident of Georgia. *Id.* ¶ 3.

On December 15, 1986, defendants executed and delivered a promissory note ("Note") to Security Pacific. *Id.* ¶ 8, Answer ¶ 8. The original principal amount of the Note was $700,000. By its terms, the Note was to bear interest at the rate of ten percent per annum, subject to adjustment every December 31 and June 30. The Note provided that the rate of interest would not exceed sixteen percent per annum.

Under the terms of the Note, Lichirie was to make monthly payments of principal and interest commencing on the first day of the second month after December 15, 1986 and continuing on the first day of each month thereafter until and including December 1, 1991. On January 1, 1992, the entire outstanding balance, together with all accrued and unpaid interest, was to be paid. Complaint ¶ 9.

Plaintiff alleges that Lichirie failed to make monthly payments for November and December of 1987 and January and February of 1988, thereby defaulting under the terms of the note. *Id.* ¶ 10. Plaintiff also alleges it provided Lichirie with notice of default, but that Lichirie failed to cure the default in the prescribed time. *Id.* ¶ 11.

Accordingly, plaintiff brings this action to collect on the Note and/or the Guaranty executed contemporaneously with the Note. Plaintiff also seeks costs of collection, including reasonable attorneys' fees as provided in the terms of the Note and under O.C.G.A. § 13–1–11. *Id.* ¶ 13.

DISCUSSION

Pursuant to Fed.R.Civ.P. 56 and Local Rule 220–5, N.D.Ga., plaintiff moves for summary judgment. This court will grant summary judgment when the "pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Security Pacific, as the party seeking summary judgment, bears the "exacting burden" of demonstrating that there is no genuine dispute as to any material fact in the case. *American Viking Contractors v. Scribner Equip. Co.*, 745 F.2d 1365 (11th Cir.1984). If Security Pacific sufficiently supports its motion for summary judgment, defendants must come forward with significant probative evidence demonstrating the existence of a triable issue of fact.

Security Pacific argues that (1) it has established a prima facie case for recovery against Lichirie on the Note, (2) it is entitled to summary judgment against Abrams on the Guaranty and (3) it is entitled to reasonable attorneys' fees. The court addresses each of these arguments in turn.

### I. *The Promissory Note*

Plaintiff claims that it has established a prima facie case for recovery against Lichirie on the Note. First, plaintiff maintains that Abrams has admitted he signed the Note, that his signature was genuine and that he was authorized to sign in his capacity as general partner of Lichirie. Thus, plaintiff contends that there is no factual dispute as to whether the note was properly executed and delivered on December 15, 1986.

---

1. On January 3, 1989, defendants also submitted a motion for summary judgment. Plaintiff has not yet responded to defendants' motion. However, the court has read and considered the arguments presented in defendants' summary judgment motion. Essentially, defendants' Response to Plaintiff's Motion For Summary Judgment incorporates all arguments presented in defendants' separate summary judgment motion. Since the court rules in plaintiff's favor on plaintiff's motion for summary judgment, defendants' motion is denied.

Abrams' deposition testimony lends much support to plaintiff's argument. On page 32 of his deposition, Mr. Abrams states that he signed the Note in his capacity as a general partner for Lichirie–Ventures–Godby Plaza, Ltd., that the partnership did receive the proceeds of the loan, and that the Note was signed and delivered on December 15, 1986. On page 61 of the deposition, Abrams admits he owes the debt evidenced by the Note. Additionally, in the Response to Plaintiff's Statement of Material Facts as to Which Plaintiff Contends There Are No Genuine Issues, defendants admit:

1. The execution and delivery of the Promissory Note in the original amount of $700,00;

2. That the Note is in default;

3. That plaintiff gave defendants notice of default for non-payment of principal and interest;

4. That defendants have failed to cure default;

5. That defendants owe plaintiff the sum of $691,796.80 in principal plus accrued but unpaid interest, and default charges, as of February 16, 1988 in the sum of $28,694.20;

6. That defendants have an obligation to pay plaintiff for its costs of collection including reasonable attorneys' fees.

Paragraph 1 of Defendants' Response to Plaintiff's Statement of Material Facts.

Based on these admissions in Abrams' deposition and defendants' Response, plaintiff has established a prima facie case for recovery on the Note. The court must inquire, however, whether defendant Lichirie has raised any probative evidence demonstrating the existence of a triable issue of fact.

Defendants do raise one issue which they contend rebuts plaintiff's prima facie case. Defendants argue that the Deed to Secure Debt (which secures the Promissory Note), signed by Abrams, imposes a limitation on plaintiff's right to sue defendants for re-

covery on the Note. Defendants refer specifically to paragraph 3.01(i) of the Deed to support this contention. However, defendants misleadingly cite only a portion of the paragraph, out of context. Paragraph 3.01(i), read in full, in no way supports defendants' argument that the Deed limits plaintiff's right to collect on the Note through civil action: [2]

In the event of the occurrence of a Default, other than those described in Subparagraphs 3.10(f), (g) or (i) above, Lender will not, on account of said Default, institute any court action under any of this Instrument, the note or any other loan agreement now or hereafter evidencing, securing or otherwise relating to the Note or this Instrument or the Indebtedness other than for the foreclosure of the lien or security title of any of this instrument, the note or any other loan agreement or instrument now or hereafter evidencing, securing or otherwise relating to the Note or this Instrument of the Indebtedness or actually sell any property or seize any property not then held by or on behalf of the Lender, with respect to which a security interest has been granted to Lender as security for the Note of the Indebtedness *if seven (7) business days after the effective date of notice of said Default given to Borrower in accordance with Section 4.05, below, Borrower or any guarantor fully cures said Default;* (emphasis added).

Plaintiff is correct in its interpretation of this paragraph: "All this provision says is that except for those defaults described in paragraphs 3.01(f), (g) or (i) of the Deed to Secure Debt, the lender may pursue collection of the Promissory Note only after the obligor of the Note has failed to cure within seven (7) days of being given notice of the default." Plaintiff's Reply, p. 3. Defendants' argument that this court has no jurisdiction and must dismiss this action is patently false and misleading.

█ Defendants have not presented any evidence which rebuts plaintiff's prima fa-

---

2. The court reminds defendants' attorneys that Rule 11 requires counsel to present arguments well-grounded in fact. A simple reading of the provision in the Deed cited by defendants should have demonstrated the frivolity of the argument presented.

cie case of Lichirie's liability for the Note. Accordingly, the court grants summary judgment as to Lichirie's liability for payment on the Note.

## II. *The Guaranty*

Plaintiff contends that it is entitled to summary judgment on the issue of Abrams' liability on the Unconditional Guaranty of Payment and Performance.

The Guaranty was executed and delivered simultaneously with the Promissory Note on December 15, 1986. Abrams' Deposition, p. 35, Defendants' Response ¶ 2. Abrams signed the Guaranty as an individual guarantor and as president of Abrams and Associates, a corporate guarantor. As established above, the Note is in default; Lichirie has not paid the amount due. Defendant Abrams contends, however, that he is not liable under the terms of the Guaranty. Abrams "denies having received the $10.00 or any other valuable consideration in return for his signature on the subject guarantee." Response, p.p. 4–5. Thus, defendants argue that the Guaranty is "null and void for lack of consideration." *Id.*, p. 5. Defendants cite a number of cases supporting the proposition that a guaranty must be founded on a consideration independent of the consideration given for the principal.

In the case at hand, the Guaranty was executed contemporaneously with the Note. In such a situation, the law recognizes that the making of the loan to the principal is sufficient consideration to support the separate Guaranty. *See Beard v. McDowell*, 174 Ga.App. 793, 331 S.E.2d 104 (1985), *Griswold v. Whetsell*, 157 Ga.App. 800, 278 S.E.2d 753 (1981). Defendants' argument for the necessity of separate consideration for the Guaranty would apply only if the Guaranty were made subsequent to, not contemporaneously with, the Note.

Defendants' subsidiary argument that the Guaranty is invalid because Abrams never received the $10.00 stated consideration is also without merit. *See Jolles v. Wittenberg*, 148 Ga.App. 805, 253 S.E.2d 203 (1979).

Plaintiff has made a prima facie case of Abrams' liability under the Guaranty. Defendants have not produced any evidence which rebuts plaintiff's prima facie case. Accordingly, the court rules in plaintiff's favor, holding Abrams responsible for payment under the terms of the Guaranty.

## III. *Attorneys' Fees*

Plaintiff argues that it is entitled to reasonable attorneys' fees. The Note, signed by Abrams on behalf of Lichirie, provides for reasonable attorneys' fees if Security Pacific has to collect on the Note through an attorney. Plaintiff contends that it afforded defendants the statutorily mandated ten days written notice and opportunity to pay the debt without incurring liability for attorneys' fees. *See* O.C.G.A. § 13–1–11. Defendants acknowledge receipt of "a notice relative to default for non-payment and in said notice was a provision relative to Attorney's fees as reflected in Plaintiff's statement of material fact, number eleven (11), however, Defendants contend same is incorrect." Response, p.p. 2–3.

Defendants' argument against liability for attorneys' fees is premised on an alleged conflict between provisions in the Deed as opposed to provisions in the Note. Defendants argue that the attorneys' fees provision in the Deed is more limited than the comparable provision in the Note. The Deed provides that:

> Borrower will pay or reimburse Lender, upon demand therefor, for all attorney's fees, costs and expenses incurred by Lender in any suit, action, legal proceeding or dispute ... affecting the Indebtedness. p. 11.

The Note provides:

> In the event this Note, or any part thereof, is collected by or through any ·attorney-at-law, Maker agrees to pay all costs of collection including, but not limited to, reasonable attorney's fees. p. 3.

> Plaintiff in the case at hand seeks to collect on the Note.

The provisions of the Note regarding attorneys' fees apply. The provisions within the Deed have no effect here. The court, then,

must interpret the attorneys' fees provisions in the Note in light of O.C.G.A. § 13–1–11(a)(2). The statutory provision states that if the Note calls for the payment of "reasonable" attorneys' fees, without specifying any percentage, the provision shall be construed to mean 15% of the first $500 of principal and interest owing plus 10% on the amount of principal and interest owing in excess of $500.. Plaintiff claims that it is entitled to this amount in its motion for summary judgment.

 The defendants received proper notice that plaintiff would seek attorneys' fees. Defendants did not pay the amount due in ten days of receipt of the notice. Accordingly, the court gives effect to the attorneys' fees provision in the Note. The court awards Security Pacific the statutorily allowed attorneys' fees.

## CONCLUSION

The court finds that plaintiff has demonstrated defendants' liability for payment of the Note and/or the Guaranty. The court also finds that defendants' are entitled to reasonable attorneys' fees under the terms of the Note and O.C.G.A. § 13–1–11.

Accordingly, the court GRANTS plaintiff's motion for summary judgment.

So ORDERED.