A89A2156. ENGLISH RESTAURANT, INC. et al. v. A. R. II, INC.
(391 SE2d 462)

BIRDSONG, Judge.

English Restaurant, Inc., and W. Glen English appeal from the grant of summary judgment to A.R. II, Inc., on its claims arising from their purchase from A.R. II of the Aspen Restaurant. The trial court also granted summary judgment to A.R. II on appellants' counter-

claims for rescission of the contract.

Appellants contracted to buy the restaurant, and a promissory note, executed by English Restaurant and personally guaranteed by W. Glen English, was delivered to A. R. II. When the required payments were not made, A. R. II sued English Restaurant on the note and security agreement and sued W. Glen English on his personal guaranty.

The defendants answered admitting execution of the note and security agreement, but denying liability, and raising as defenses breach of the contract clause providing the seller had paid all taxes owed before closing. English Restaurant also asserted that A. R. II had misrepresented the weekly income from the restaurant, and filed a counterclaim for rescission of the contract because of the misrepresentations about the taxes and the income from the restaurant.

A. R. II moved for summary judgment. The motion was supported by the agreement of purchase and sale, the promissory note, and the security agreement, the personal guaranty, W. Glen English's deposition, and the pleadings and discovery materials filed of record. Appellants' response to the motion contended genuine issues of material fact remained on whether the contract should be rescinded and contended that summary judgment also should not be granted because any damages owed A. R. II would be offset by the expected recovery on the counterclaim for rescission. *Held*:

1. Even according to appellants all the benefits to which they are entitled (see *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 29 (343 SE2d 680); *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 603 (203 SE2d 173)), A. R. II established it was entitled to recover on the note, the security agreement, and the personal guaranty because appellants' answers to the complaint admitted the promissory note, the security agreement, and the personal guaranty and Mr. English's deposition admitted the required payments were not made. See *Yeomans v. Coleman &c. Drug Co.*, 167 Ga. App. 646, 647 (307 SE2d 121); *Hyman v. Horwitz*, 148 Ga. App. 647 (252 SE2d 74). Appellants' argument that the motion was not properly supported is without merit. OCGA § 9-11-56 (c) permits motions for summary judgment to be supported by affidavits, but does not require them.

The response relied on Mr. English's affidavit stating that during the negotiations in February 1987, A. R. II produced profit and loss statements for the first six months of 1986 showing a certain gross weekly income and gave verbal assurances they were accurate, but the actual income from the restaurant was much less. Because of this, appellants contend a genuine issue of material fact exists on whether they were fraudulently induced to buy the restaurant.

Our consideration is limited to the record and we cannot consider factual allegations in appellants' brief that are not supported by the

record. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223). Therefore, we must disregard appellants' representations on what evidence they might have introduced.

Also, Mr. English's affidavit must be considered in conjunction with his deposition testimony. That testimony shows he knew that after the last profit and loss statement another restaurant was operated in the facility, and he admitted no promises were made about the income. Giving appellants the benefit of inferring a difference in its gross weekly receipts creates an issue that the statements misstated the income, this still does not show a genuine issue of material fact. *Beard v. McDowell*, 174 Ga. App. 793, 794 (331 SE2d 104). Appellants could only rely on these representations if they were justified in doing so (*Casgar v. C & S Nat. Bank*, 188 Ga. App. 234, 235 (372 SE2d 815); *B & W Pipeline v. Newton County Bank*, 181 Ga. App. 684, 687 (353 SE2d 829)), and Mr. English's deposition shows that he knew about the other restaurant, but did not review its financial records. Additionally, his deposition showed Mr. English was an experienced restaurant owner and operator and made his living that way for many years.

Under these facts, Mr. English's affidavit does not show a genuine issue remains because it would be unreasonable for appellants to rely on these income statements. Thus, any misrepresentation of the gross weekly income would have no legal significance. *Casgar*, supra.

2. Mr. English's affidavit also states that after the closing he discovered A. R. II owed taxes to the State of Georgia for the restaurant. From this, appellants assert that A. R. II breached the express warranty in the contract, that no taxes were owed, and therefore, the contract should be rescinded.

Again considering Mr. English's affidavit in conjunction with his deposition, taken before his affidavit, the deposition stated he did not know what taxes were owed, who owed them, or for what period they were owed. All he knew was his application to change the liquor license on the restaurant was denied because of some unpaid state tax. His deposition states also the liquor license was in the name of the other restaurant operator and not A. R. II.

As Mr. English did not explain the contradictions between his affidavit and his deposition, the contradictory testimony rule applies and requires that his unexplained self-contradictory testimony be construed most strongly against him. *Prophecy Corp.*, supra. Further, whether the testimony was self-contradictory and whether a reasonable explanation for the contradiction was given were questions for the trial court. Id. Therefore, applying the rule and eliminating the favorable portions of English's testimony (*Gentile v. Miller &c. Inc.*, 257 Ga. 583 (361 SE2d 383)), appellants' rebuttal did not show that A. R. II breached the contract. Further, appellants also failed to show

that a breach of this clause would entitle them to rescission.

We cannot consider appellants' argument that the motion should not have been granted because evidence may exist to support their claims. Appellants were obligated to present their evidence before the grant of summary judgment. They did not do so, and this still-to-be-found evidence presents no basis for reversing the trial court. *Summer-Minter & Assoc.,* supra.

3. Because of our disposition of appellants' claims in Divisions 1 and 2, their enumeration that the trial court erred by granting summary judgment to A. R. II while their counterclaim was pending is without merit. The record shows appellants did not comply with OCGA § 13-4-60, i.e., prompt offer to restore what appellants received under the contract, etc., and then did not establish the alleged breach of the warranty on the taxes would have authorized rescission of the contract. See OCGA § 13-4-62; *Mayor &c. of Douglasville v. Hildebrand,* 175 Ga. App. 434, 436 (333 SE2d 674) (physical precedent).

Therefore, the trial court did not err by granting summary judgment to A. R. II. At oral argument, however, A. R. II conceded that appellants are entitled to receive a set-off from the judgment for taxes paid after closing. Accordingly, we will affirm the judgment on condition that the trial court reduce the judgment by $5,149.17 to be credited to appellants.

*Judgment affirmed on condition that the judgment be reduced by $5,149.17 which appellants paid in taxes; otherwise reversed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 23, 1990.

Hurt, Richardson, Garner, Todd & Cadenhead, E. Lewis Hansen, John W. Campbell, for appellants.
Crenshaw & Johnson, John R. Crenshaw, Timothy W. Johnson, James L. Matte, for appellee.