## A94A2314. THOMPSON v. PHELPS INDUSTRIES, INC.
### (449 SE2d 677)

BIRDSONG, Presiding Judge.

Donald R. Thompson sued Phelps Industries, Inc. and others for injuries received when, after having driven his truck onto a hydraulic truck dump at the Southeast Paper Manufacturing Company plant in Dublin, Georgia, he stepped down from his truck and fell through a space between the platform of the hydraulic truck dump and the catwalk surrounding the truck dump. Phelps Industries moved for summary judgment, contending that it contracted only to build and supply the hydraulic truck dump and that it was not required to, and did not, build the catwalk surrounding the hydraulic truck dump. Phelps Industries further contends the evidence shows it merely supplied the truck dump to the specifications of Southeast Paper Manufacturing Company, and the catwalk surrounding the truck dump was built and installed by others. In response to Phelps Industries' motion for summary judgment, Thompson supplied no rebutting evidence but merely asserted that "a material issue of fact exists as to whether Phelps Industries had any participation in the design and supplying any part of the catwalk on which plaintiff was injured." The trial court granted summary judgment to Phelps, and Thompson appeals. *Held*:

The evidence shows that the hole through which appellant fell was a gap between a platform constructed by Phelps Industries to specification and the stationary catwalk supplied by others to surround the truck dump. The part of the platform constructed by Phelps Industries is attached to the truck dump; when the truck dump rises, the platform attached to it rises. Appellant contends the stationary catwalk should "meet" the platform attached to the truck dump. Phelps Industries contends the stationary catwalk was built around the truck dump by others. There is no evidence in the record that Phelps Industries is responsible for constructing the catwalk surrounding the hydraulic truck dump, that it negligently constructed the hydraulic truck dump and the platform attached to it, or that the truck dump and attached platform did not meet the specifications required by the proprietor. After appellant's fall, Southeast Paper Manufacturing Company welded a metal plate to the stationary catwalk to cover the gap; this evidently removed the hazard. Phelps Industries made a prima facie showing that the gap was a shortfall in the stationary catwalk, for which Phelps was not responsible.

A respondent to motion for summary judgment is not required by law to produce new evidence to rebut the movant's showing of a prima facie case; he may rest on the evidence theretofore presented (*English Restaurant v. A. R. II, Inc.*, 194 Ga. App. 639, 640 (391 SE2d 462); *Benefield v. Malone*, 110 Ga. App. 607 (139 SE2d 500)) but if such evidence does not rebut the prima facie case made out by the movant and respondent provides no rebuttal evidence, then he has not borne his burden to establish an issue of fact. When Phelps Industries produced evidence that it did not construct the stationary catwalk and did not perform any negligent act in constructing the truck dump and platform, and that appellant's injury was caused by the shortfall of the stationary platform built by others, appellant was required to show an issue of fact in the evidence of record or to come forward with rebuttal evidence. *Balke v. Red Roof &c. Co.*, 190 Ga. App. 779, 781 (380 SE2d 61). This he did not do.

Appellant asserts there are contradictions in the affidavits of Phelps Industries' agents which must be adjudged against them on motion for summary judgment, but appellant does not say what those contradictions are, and provides no citation to the record for this assertion and no citation of authority. This assertion is abandoned under Court of Appeals Rule 15. Further, we find no such contradictions.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 3, 1994.

*Frank Gonzalez-Burgos*, for appellant.

*Carter & Ansley, Christopher N. Shuman, Kent, Worsham, Williamson & Brannon, A. Martin Kent, Glover & Blount, Percy J. Blount*, for appellee.

