A95A1263. NATIONSBANK OF GEORGIA, N.A. v. GREEN.
(462 SE2d 761)

JOHNSON, Judge.

NationsBank of Georgia, N.A., brought suit to recover on an indebtedness allegedly owed by John R. Green d/b/a Green Development and Rebecca Richardson f/k/a Rebecca Green pursuant to certain promissory notes and security deeds executed in favor of Citizens & Southern Real Estate Services, Inc. (C & S), and certain note modification agreements executed in favor of NationsBank. Green counterclaimed and requested a setoff, alleging that NationsBank failed to pay the proceeds of a construction loan into escrow and negligently paid from the proceeds the cost of "developed" land to an insolvent developer despite having actual or constructive knowledge that the subject land had not been developed. NationsBank later dismissed all claims against Richardson. Following the denial of its motion for summary judgment on its claims and Green's counterclaim, NationsBank filed this interlocutory appeal.

Both NationsBank and Green agree that Green executed the original notes and that the notes are in default. The four original notes executed in favor of C & S are: 1) a real estate note of January 4, 1991, in the original amount of $214,000; 2) a real estate note of January 4, 1991, in the original amount of $226,000; 3) a real estate note of January 4, 1991, in the original amount of $48,000 and 4) a real estate note of January 4, 1991, in the amount of $214,000. It is undisputed that Green executed with NationsBank eight note modification agreements relating to each of the four original notes and that each note modification agreement denotes NationsBank as the holder. Nevertheless, after hearing evidence, the trial court determined there was insufficient proof to establish that NationsBank was the holder of the original notes. The court denied summary judgment on the narrow ground that NationsBank had not met its evidentiary burden of showing it is the holder of the four notes on which Green acknowledged being in default. Because the court was not satisfied that NationsBank proved that C & S properly transferred the notes between Green and Citizens & Southern Real Estate Services, Inc. (not Citizens & Southern National Bank) to NationsBank, the court denied NationsBank's motion for summary judgment on its claims and

Green's counterclaim.

1. NationsBank contends it was entitled to summary judgment on its claims as a matter of law and there are no genuine issues of material fact remaining to be tried. NationsBank argues it established an unrebutted prima facie case showing entitlement to judgment against Green and that Green then had the burden to rebut the evidence and establish an issue of fact. See *Thompson v. Phelps Industries*, 215 Ga. App. 128, 129 (449 SE2d 677) (1994).

In support of its case, NationsBank offered the affidavit of a NationsBank vice president who testified that NationsBank is indeed the owner of the notes, note modification agreements and security deeds that are at issue here. The affiant also identified NationsBank as the successor by merger to Citizens & Southern National Bank and stated he had been in charge of the subject accounts since December 1, 1993. He also provided the trial court with the alleged total amount of Green's indebtedness to NationsBank and testified NationsBank had expended $10,246.27 in appraisal fees, property taxes and force-placed insurance on the collateral. Because NationsBank considered itself the owner of the security deeds and notes, it acted to protect the collateral by obtaining insurance for five duplexes and by paying delinquent property taxes owed on some of the collateral.

NationsBank further offered evidence that each of the four notes Green originally had executed with C & S was subject to subsequent modification on eight different occasions between July 1991 and April 1993, with each modification identifying NationsBank as the holder. In addition, each of the 32-note modification agreements contains waiver and release language in favor of NationsBank as the holder.

NationsBank also offered evidence that Green implicitly admitted in the response to NationsBank's interrogatories that NationsBank is, indeed, the holder of the original notes. NationsBank's interrogatory six stated, "If you disagree with any amounts claimed due by NationsBank, state the amounts you contend are due." Green's verified response to interrogatory six was, "The amounts due [to NationsBank] are the amounts claimed less the amount of the judgment to be entered on the counterclaim." Thus, in the responsive pleading, Green admitted owing certain amounts to NationsBank but proposed the total was subject to a setoff based on Green's counterclaim.

In opposition to NationsBank's summary judgment motion, Green offered no affidavits, depositions or other evidence and merely questioned whether the subject notes had been properly transferred from C & S to NationsBank. Thus, Green challenged NationsBank's status as holder of the notes that form the basis of the lawsuit. Green contends the record is devoid of an assignment or transfer document establishing NationsBank as the holder of the original promissory notes. Green argues each note modification agreement provides,

"[t]his agreement is a modification only and not a novation." Accordingly, Green claims NationsBank had the burden to prove the negotiation and proper transfer of the promissory notes from C & S to NationsBank in order to prevail as the subsequent holder of the notes. Green argues that in a suit instituted by one claiming to be the owner and holder of a promissory note, for the purpose of recovering thereon against the maker, it is permissible to inquire into the plaintiff's title to the note, for the defendant's protection or to interpose any valid defense. See *Austell Bank v. Nat. Bondholders Corp.*, 188 Ga. 757, 758 (2) (4 SE2d 913) (1939). Green further contends a defendant in a suit on a note should be protected against a subsequent action by the true owner entitled to recover. Green suggests that because NationsBank is not the real party in interest, Green could be subjected to multiple liability.

We agree with Green's fundamental proposition that every action shall be prosecuted in the name of the real party in interest. OCGA § 9-11-17 (a); see *Allman v. Hope*, 200 Ga. App. 137, 138 (1) (407 SE2d 107) (1991). But after examining the record, we find NationsBank satisfied its evidentiary burden to prove it is the real party in interest and holder of the notes and that Green failed to demonstrate the existence of any material disputed fact. In fact, it is likely Green waived his right to contest whether NationsBank is the holder of the four notes because of Green's discovery admissions, the 32-note modification agreements Green signed with NationsBank which denote NationsBank as the holder and the waiver and release clause contained in each modification agreement. We find the bank has established a prima facie right to recover on the notes and Green has failed to produce evidence of a legally sufficient defense. *Carrollton Car Center v. C. & S. Nat. Bank*, 202 Ga. App. 429, 431 (3) (414 SE2d 674) (1992). For these reasons, we reverse the trial court's denial of NationsBank's motion for summary judgment on its claims against Green.

2. NationsBank also contends it is entitled to summary judgment as to Green's counterclaim for a setoff. NationsBank claims it should prevail as a matter of law because of the waiver clause language contained in the note modification agreements, which provides: "The Maker [Green] hereby waives and releases the Holder [NationsBank] from any and all claims with respect to the Promissory Note and any and all documents, instruments, certificates, notes, bonds or other agreements executed therewith or herewith." NationsBank points out that the April 1993 date on the note modification agreement is well past the date of any alleged wrongdoing by any alleged agent of NationsBank. Therefore, NationsBank argues the release/waiver language eliminated the possibility of a counterclaim.

One cannot merely stand on the pleadings to defeat a motion for

summary judgment, so Green had the burden to produce evidence creating a genuine issue of material fact. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In Green's two-page brief opposing NationsBank's summary judgment motion, however, Green cited no evidence and offered none in support of the counterclaim. Nor did Green offer any evidence to contradict the content or existence of the releases.

Furthermore, as we held in *Harrison v. Martin*, 213 Ga. App. 337, 342 (1) (444 SE2d 618) (1994), the renewal of a note cuts off all defenses of which the maker then had knowledge. Green failed to offer any evidence that when Green renewed the notes in April 1993, he lacked knowledge regarding the information that comprises the factual basis for Green's counterclaim — knowledge about the alleged negligent actions of the bank's closing attorney and the alleged negligent disbursal of the escrow funds. Because of our holding in *Harrison*, supra, and because of the express waiver and release clause, we find Green is barred as a matter of law from bringing the counterclaim. We find NationsBank produced uncontradicted evidence that Green released NationsBank from all claims relating to the notes. Therefore, we reverse the trial court's denial of NationsBank's motion for summary judgment on Green's counterclaim.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 12, 1995 —
RECONSIDERATION DENIED OCTOBER 4, 1995.

*Bisbee, Rickertsen & Herzog, Richard B. Herzog, Jr., William A. DuPre IV, David N. Stern*, for appellant.
*J. Hue Henry*, for appellee.