**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 14, 2012

# In the Court of Appeals of Georgia

A12A0198. 685 PENN, LLC et al. v. STABILIS FUND I, L. P.          DO-009

DOYLE, Presiding Judge.

This case arises from a suit for breach of a promissory note and personal guarantees originally filed by Branch Banking & Trust Company ("BB&T") against 685 Penn, LLC, Adam Gaslowitz, and Gerie Gilbert (collectively "the Defendants"). During pendency of the suit, BB&T sold the note to Stabilis Fund I, L.P., which thereafter moved to substitute itself as the real party in interest and renewed BB&T's motion for summary judgment, which the trial court previously had granted. The Defendants appeal the trial court's order granting Stabilis Fund's renewed motion for summary judgment, arguing that the trial court erred because (1) Stabilis Fund failed to offer proof of possession of the original note; and (2) issues of material fact remain as to whether BB&T was estopped from enforcing the original terms of the note

based on its representations to refinance the debt. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence shows that 685 Penn executed a $1,500,000 promissory note to BB&T in October 2008. In addition to executing a deed to secure debt granting BB&T a security interest in certain real property in exchange for the loan, Gaslowitz and Gilbert provided personal guaranties for the debt. Although the note became due one year later in October 2009, the real property in which the money had been invested had not been sold, and the Defendants were not able to repay the debt. Although the Defendants did not contest that they had entered into the agreement, they argued in their defense that between October 2009 and December 2009, BB&T negotiated with them to extend the loan and issue a new note that would

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

2

subsume the original obligations while waiting for the properties to sell. In January 2010, however, BB&T issued a demand letter to the Defendants based on the default on the note and personal guaranties.

On March 10, 2011, the trial court entered an order granting BB&T's motion for summary judgment, finding that the Defendants had not provided sufficient evidence of reasonable reliance upon statements by BB&T that it intended to extend or change the original agreement, and therefore, the Defendants' defense of promissory estoppel failed as a matter of law. Later that month, Stabilis Fund filed a motion to substitute itself as the real party in interest because it had purchased from BB&T the rights to collect on the note and personal guaranties. The trial court granted the motion and vacated the original order granting summary judgment to BB&T. Stabilis Fund then filed a motion for summary judgment ("renewed motion for summary judgment"), which the trial court granted based on its findings that Stabilis Fund established itself as the holder of the note and personal guaranties and its previous finding that the Defendants could not establish promissory estoppel as a matter of law. This appeal followed.

1. The Defendants first contend that the trial court erred by granting Stabilis Fund's renewed motion for summary judgment because Stabilis Fund failed to offer

proof of possession of the original promissory note. The Defendants contend that because of the trial court's failure to require Stabilis Fund to produce the original promissory note, they lack protection against a subsequent action by a "true" owner entitled to recover.

> In a suit instituted by a person claiming to be the owner and holder of a promissory note, for the purpose of recovering thereon against the maker and another person alleged to have assumed the debt, it is permissible for the latter to inquire into the plaintiff's title to the note, if necessary either for his protection or to let in any valid defense which he seeks to make.[2]

As an initial matter, the Defendants admitted in their answer that the copies of the promissory note, deeds to secure debt, and personal guaranties attached to the complaint filed by BB&T were true and accurate copies of the original documents and that the Defendants executed said documents at the terms alleged within. In support of the original motion for summary judgment filed by BB&T, Steven Paulk, a representative of the company, executed an affidavit in which he stated that the

---

[2] *Austell Bank v. Nat. Bondholders Corp.*, 188 Ga. 757 (2) (4 SE2d 913) (1939). See also OCGA § 9-11-17 (a); *Nations Bank of Ga. v. Green*, 218 Ga. App. 665, 667 (1) (462 SE2d 761) (1995) ("every action shall be prosecuted in the name of the real party in interest").

copies of the promissory note and personal guaranties attached thereto were true and correct copies of the documents, which were in possession of BB&T and kept in the ordinary course of business. This was competent evidence that BB&T was the holder of the note and guaranties.[3]

After Stabilis Fund's motion to substitute itself as the real party in interest was granted by the trial court, Stabilis Fund filed a renewed motion for summary judgment to which it attached the affidavit of its representative, Salman A. Akbar Khan, in which he attested that BB&T had assigned on March 3, 2011, its rights to the security deed related to the property to Stabilis Fund. While Stabilis Fund did not provide an affidavit or testimony stating that it was in possession of the note or guaranties, the attached copy of the Assignment of Security Instrument stated that "all of the Grantor's right, title and interest in and to those Loan Documents described [in the deed] and also the indebtedness described therein and secured thereby . . . *the notes evidencing said indebtedness*"[4] were transferred to Stabilis Fund. Although the language does not include "guaranties" along with "notes," this Court previously has

---

[3] See *Salahat v. Fed. Deposit Ins. Corp.*, 298 Ga. App. 624, 628 (2) (680 SE2d 638) (2009).

[4] (Emphasis supplied.)

determined that "transfer of the underlying principal obligation operates as an assignment of the guaranty."[5] Accordingly, this enumeration is without merit.

2. The Defendants also contend that the trial court erred by finding that no issue of material fact existed as to the issue of whether they reasonably relied to their detriment on statements made by BB&T's representatives to extend the original promissory note. We disagree.

Under Georgia law, the defense of promissory estoppel consists of "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."[6] "Promissory estoppel does not apply to vague, indefinite promises."[7]

---

[5] *Schroeder v. Hunter Douglas Inc.*, 172 Ga. App. 897, 899 (4) (324 SE2d 746) (1984).

[6] OCGA § 13-4-44 (a). See also *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 438-439 (3) (620 SE2d 644) (2005).

[7] (Punctuation omitted.) *Jones v. White*, 311 Ga. App. 822, 830 (2) (b) (717 SE2d 322) (2011).

"Although BB&T's alleged promises contemplated a loan for a certain duration, the promise was vague and indefinite as to other material terms, particularly the interest rate."[8] The Defendants' assumptions that BB&T would extend the original loan at the same terms without any definite statement by BB&T "about the terms of the proposed loan do not create an issue of fact for the jury."[9] Nothing in the Defendants' testimony establishes evidence of anything beyond negotiations to extend the note, and thus, the trial court did not err by finding a lack of a genuine issue of fact as to whether the Defendants reasonably relied on any promises made by BB&T to extend the original loan.[10]

Accordingly, there was no error in the trial court's grant of summary judgment against the Defendants as to their claims of the defense of promissory estoppel.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[8] *Ga. Investments Intl. v. Branch Bank & Trust Co.*, 305 Ga. App. 673, 675-676 (1) (700 SE2d 662) (2010) citing *Jackson v. Ford*, 252 Ga. App. 304, 308 (1) (c) (555 SE2d 143) (2001) (failure to establish sufficient evidence of a promise to support a claim of breach of contract was also insufficient evidence to establish a claim of promissory estoppel); *Reuben v. First Nat. Bank of Atlanta*, 146 Ga. App. 864, 867 (247 SE2d 504) (1978) (promise to make loan with no specification of interest rate or maturity date was unenforceably vague).

[9] (Punctuation omitted.) *Ga. Investments Intl.*, 305 Ga. App. at 676 (1).

[10] See, e.g., id.